110  748
f112 542

## AUSTIN *v.* THE STATE.

1. If one intentionally and recklessly discharges a gun at another, or in like manner fires a gun under such circumstances that the act would naturally tend to destroy human life, and death results therefrom, he is guilty of murder.
2. When death results to one from the discharge of a gun in the hands of another, who had no intention to kill, nor any intention of discharging the gun, the discharge being caused by the reckless manner in which the gun was handled, the slayer is guilty of involuntary manslaughter only, and the particular grade of that crime would be dependent upon whether at the time and place of the killing it was lawful for the slayer to be in possession of a deadly weapon.
3. The charges complained of were not in accord with the rules above announced.

Argued March 19, — Decided April 10, 1900.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. November term, 1899.

*Blalock & Cobb,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *F. A. Hooper, solicitor-general,* contra.

COBB, J. The accused was convicted of murder. The evidence introduced in behalf of the State authorized a finding that the accused deliberately killed the deceased by shooting her with a gun. The evidence for the defense, taken most strongly against the accused, would not have authorized a finding that he was guilty of a higher grade of homicide than involuntary manslaughter in the commission of a "a lawful act without due caution and circumspection," and rather tended to show that the killing was accidental. The theory of the defense was that the

killing was accidental. From the statement of the accused and testimony introduced in his behalf it appeared, that the accused and deceased with others were playing together in a house; that a gun was being handled by different members of the party; that the deceased went out of the house, and the accused followed her with the gun in his hand; that when in the yard they began again to play, and the deceased attempted to take the gun from the hands of the accused, the latter having his hand upon the stock of the gun, and the deceased having her hand upon the barrel; that, while thus engaged in a playful struggle, the gun was accidently discharged, killing the deceased. The judge charged the jury as follows: "If a person handles a gun or pistol in a careless and reckless manner and thereby shoots and kills another, the law declares such killing to be murder; and will imply malice from the wanton and reckless disregard of human life; and such killing would be murder although there may not exist any ill-will or express malice on the part of the slayer toward the person killed." Also, that "if you should believe from the evidence in this case beyond a reasonable doubt that the defendant was carelessly and recklessly handling a gun, that it was in wanton and reckless disregard of human life, and thereby shot and killed the deceased, the law would imply the intention to kill and the homicide would be murder. But if you should believe from the evidence beyond a reasonable doubt that the defendant negligently handled the gun in such a negligent manner that you believe it was criminal or culpable negligence, and that by reason thereof he shot and killed the deceased, but that he did not intend to kill her, he would not be guilty of the offense of murder, but would be guilty, under such circumstances, of involuntary manslaughter in the commission of a lawful act without due caution and circumspection."

These charges were erroneous, and were harmful in the present case. The mere fact that a person handles a gun in a careless and reckless manner and death results to another therefrom does not necessarily make the person handling the gun guilty of murder. In order to make such person guilty of murder it must appear that there was an intention on the part of the slayer

to discharge the gun, and the circumstances were such that an act of that character naturally tended to destroy human life. If a person recklessly discharges a gun at another, and death results therefrom, or recklessly discharges a gun into a crowd, although at no particular person, and death results to some one, it is of course settled law that such killing is murder. *Studstill* v. *State*, 7 *Ga.* 2; *Collier* v. *State*, 39 *Ga.* 31; *Cook* v. *State*, 93 *Ga.* 200. Where death results to one from the discharge of a gun in the hands of another, and there was no intention to kill nor an intention to discharge the gun, the person in whose hands the gun was held would not be guilty of murder, although the gun may have been handled in a careless and negligent, even reckless manner. In such a case the slayer would be guilty of involuntary manslaughter only, and the particular grade of that crime would depend upon whether it was lawful or unlawful for the slayer to be in possession of a deadly weapon at the time and place of the killing. See, in this connection, *Pool* v. *State*, 87 *Ga.* 526; *Burton* v. *State*, 92 *Ga.* 449. 1 McClain, Crim. Law, § 325. Applying these principles to the charges above quoted, the first and the first paragraph of the second do not contain correct abstract propositions of law, nor do we think that, even if the propositions therein contained are sound, they were applicable to the facts of the present case. If the evidence for the accused was worthy of credit, he was either not guilty of any offense, or, at most, guilty of the lowest grade of manslaughter. If the testimony in behalf of the State was true, the accused was guilty of wilful and deliberate murder.

> *Judgment reversed. All the Justices concurring.*