## 7573.  CLONTS *v.* THE STATE.

WADE, C. J.  1.  "When death results to one from the discharge of a gun in the hands of another, who had no intention to kill, the discharge being caused by the reckless manner in which the gun was handled, the slayer is guilty of involuntary manslaughter only." *Austin* v. *State,* 110 *Ga.* 748 (36 S. E. 52, 78 Am. St. R. 134).

2. That the gun was pointed at the deceased was conclusively shown by the fact that the load discharged therefrom entered his face.  Res ipsa loquitur.  Any suggestion that the defendant was legally justified in pointing the gun at the deceased was completely negatived by his statement to the jury, which comprised his entire explanation of the tragedy: "He got his gun, I got the other gun, and we were always playing with one another.  I was playing with the gun like this (indicating), and it went off."  Though the defendant need not have made any statement whatever, the insufficiency in any particular of his voluntary statement might nevertheless be considered by the jury; and, from his own account of the occurrence and his failure to assert anything to the contrary, the jury were authorized to infer that he *intentionally* pointed the gun towards the deceased, and hence that the killing occurred in consequence of the commission by him of an unlawful act, without any intention on his part to take the life of the deceased.

3. "Where the act from which death results may or may not be lawful under the facts, both grades of the law of involuntary manslaughter should be given in charge." *Warnack* v. *State,* 3 *Ga. App,* 590 (60 S. E. 288).  According to the evidence and the statement of the accused in this case, however, the only ground upon which the defendant could have been altogether exonerated was upon the theory that he not only discharged the gun accidentally, but also accidentally pointed the gun at and towards the deceased, and without any intention to do so.  The court charged the jury that if they found that the defendant shot and killed Ross (the deceased) as charged, with a shotgun as charged, but further found that it was purely an accident, and if it satisfactorily appeared that there was no evil design or intention, or culpable neglect, then it would be their duty to find the defendant not guilty.  This and other full instructions being given the jury relative to the theory of accident, the failure of the court to specifically give in charge sec-

tion 69 of the Penal Code, defining involuntary manslaughter in the commission or performance of a lawful act where necessary discretion and caution has not been observed, did not deprive the accused of a material defense and was not harmful to him.

4. The alleged newly discovered evidence, relating to a theory of defense not specifically raised at the trial, is not of sufficient importance to authorize the inference that it would probably produce a different result on another trial, and (without regard to the question whether due diligence was exercised in discovering it) this court can not say that the trial judge abused his discretion in refusing the grant of a new trial on this ground.                    *Judgment affirmed.*

DECIDED OCTOBER 24, 1916.

Indictment for murder—conviction of involuntary manslaughter in the commission of an unlawful act; from Polk superior court —Judge Bartlett. May 30, 1916.

*Fielder & Fielder,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, Ault & Wright,* contra.