20681. LEWIS v. THE STATE.

DECIDED OCTOBER 7, 1930.

*Joseph Law,* for plaintiff in error.
*George Hains, solicitor-general, John M. Graham,* contra.

BLOODWORTH, J. 1. The court is alleged to have erred in failing to charge on involuntary manslaughter. (*a*) There is nothing in the evidence for the State that would require a charge on involuntary manslaughter. (*b*) The theory of the witness for the defendant was that the accused did not shoot at all but that the shooting was done by the sister of the deceased. This testimony could not be the basis of a charge on involuntary manslaughter. (*c*) Even if, from the statement of the defendant, the theory of involuntary manslaughter could be deduced, the court was not required to charge on this theory, because no such charge was requested in writing.

2. The last ground of the motion embodies the charge of the court on misfortune or accident, but does not complain that this portion of the charge is erroneous. However, it is alleged that after having so charged, the court should have charged on involuntary manslaughter. As to this ground see *Goodwin* v. *State,* 148

*Ga.* 33 (1) (95 S. E. 674) ; *Taylor* v. *State,* 36 *Ga. App.* 641 (2) (138 S. E. 83), and citations; *Conley* v. *State,* 21 *Ga. App.* 134, 135 (5) (94 S. E. 261), and citations; *Smith* v. *State,* 8 *Ga. App.* 682 (2) (70 S. E. 42). There is no merit in this ground.

3. There is ample evidence to support the finding of the jury, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*