### 32217. HUMPHRIES v. THE STATE.

DECIDED DECEMBER 3, 1948.

*Howard, Tiller & Howard,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, Carl B. Copeland,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Miss Kitty Kelly testified for the State substantially: that she was

visiting in the home of the defendant on the morning of December 26, 1947; that she and the defendant had several drinks of whisky at the home of the defendant on that morning; that they left the defendant's home shortly after noon that day in the defendant's car; that the defendant drove to a place on the south side of town, where they bought some whisky, and after taking a few more drinks went to a bank where the defendant drew out some money; that thereafter she accompanied the defendant who drove to a parking lot on Piedmont Avenue and parked the car; that they then went to court where they were a few minutes late for a 1:30 appointment; that after leaving court they returned to the car, and the defendant drove to the home of a Mr. Hunt on Rawson Street, where she and the defendant drank a half-pint of whisky; that thereafter the defendant drove around some on the south side of town accompanied by the witness; that she started to make a left turn from Memorial Drive onto Pryor Street, but the witness did not remember getting to Pryor Street; that the defendant turned through a service station and went down the sidewalk; that the witness said, "Look out, Ethel, there is a man. You will hit him," and the defendant replied "What man? I don't see no man"; that the defendant drove her car into the deceased, pinning him against a post and severing one of his legs.

Dr. William Moore testified for the State: that the deceased was unconscious upon being admitted to Grady Hospital; that he had a traumatic amputation, nearly complete, of his right thigh; that he had numerous fractures of his chest; that he died in approximately 20 minutes after reaching the hospital; and that his death was caused by a severe crushing of some type. Dr. Moore also testified that on this occasion he saw the defendant, and she had a strong alcoholic odor on her breath.

Walter Murmer, testified for the State, in substance, that he saw the defendant driving her car on Central Avenue toward Memorial Drive about 1:30 p.m. the day of the homicide at a speed of approximately 50 miles an hour, and that at the time he was on Central Avenue between Rawson and Alice Streets.

D. G. Goodman testified for the State, that he was at the

scene immediately after the crash, that he saw the defendant there, and that she had the odor of whisky on her breath.

F. H. Weaver, testified for the State, that he was a city policeman, that he was at the scene shortly after the crash where he saw the defendant, that he also saw her at the hospital some 20 minutes after the crash, that she was under the influence of whisky, and that she did a little cursing and staggering around.

J. E. Helms, city detective, a witness for the State, detailed a conversation between Miss Kitty Kelly and himself, in which Miss Kelly stated in the presence of the defendant that the two of them had been drinking that day, and that when they left court to return to the parked car the defendant's lawyer tried to get the defendant to let him drive the car home because the defendant had been drinking heavily; and that the defendant did not deny these statements made in her presence. He also testified that the defendant was drunk at this time.

Several witnesses for the defendant testified that they saw her at the scene of the crash, and that if she was under the influence of liquor to any extent whatever they were unable to tell it. One witness saw her driving her car along the street that day and shortly before the time of the crash, and the defendant waved to this witness and appeared to be perfectly normal. Some witnesses for the defendant testified that cars blocked her in such a way that it was necessary for her to swerve to the sidewalk to avoid being struck by them.

The defendant stated in substance: that she drank some whisky about 4 hours before she went to police court, but was not under the influence of liquor at the time of the crash; that she had to wait on Memorial Drive for the green light; that when the light changed and she made the turn, two cars were approaching in such way she thought they were going to crash into her; that in order to avoid them she swerved her car to the left and this resulted in her striking the telephone pole and the man who was standing near it; that she was not an experienced driver; that she had only been driving about 4 months; that she had a learner's license; and that she was excited and could not avoid the accident.

The evidence, construed in its most favorable light to sup-

port the verdict, was sufficient to authorize the jury to find that the defendant while operating her automobile upon a public street of the City of Atlanta was guilty of the unlawful act of operating the same while she was under the influence of intoxicating liquors, and that this is such an unlawful act as in its consequences naturally tends to destroy human life. See *Jackson* v. *State,* 204 *Ga.* 47 (48 S. E. 2d, 864).

The credibility of the witnesses is for the determination of the jury. The verdict has the approval of the trial judge. There was ample evidence to support the verdict and the judgment of the trial court overruling the defendant's motion for a new trial, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*