## 38448. FISHER v. THE STATE.

TOWNSEND, Judge. 1. Error is assigned in the first special ground of the motion for new trial because during the course of the trial the two court bailiffs escorted the jury to a hotel where they were separated and assigned to and spent the night in separate rooms; each of the bailiffs occupied a separate room with one juryman; both bailiffs went to sleep shortly before midnight, slept several hours, and did not see the remaining ten jurors until they met at breakfast the next morning. The failure of the bailiff to look after the jury at all times and to remain with the jury and awake at all times while they are in his care constitutes such misconduct as to entitle the defendant to a new trial, and this is true even though each juror makes affidavit that no one communicated with, discussed the case with or influenced him in any way. *Blount v. State,* 214 Ga. 433 (4) (105 S. E. 2d 304); *Allen v. Smith,* 215 Ga. 455 (1) (111 S. E. 2d 70); *Walker v. State,* 216 Ga. 15 (2) (114 S. E. 2d 431). This special ground is accordingly meritorious.

Whatever the rule may seem to have been as enunciated by former decisions of this court which were obviously intended to be predicated on older decisions of the Supreme Court, it

has now clearly been settled by the Supreme Court in *Blount v. State, Allen v. State,* and *Walker v. State,* supra, that when the bailiff fails to supervise and attend the jury at all times in accordance with his duty, the case must be reversed irrespective of whether any harm is shown to have resulted to the defendant by reason thereof or not. In all those cases the same affidavits were filed as a part of the record as appear in this case, tending to show that no harm was done those defendants or this defendant. Counsel for the State contends that the language used in *Blount v. State,* supra: the "failure to do so *in this case* constitutes such misconduct as to entitle the defendant to a new trial" (emphasis added) limits the ruling to the facts of that case. This theory, however, is exploded by the *Allen* and *Walker* cases, supra, citing *Blount v. State* as authority for reversal in those cases also. In none is the decision of the Supreme Court predicated on the closeness of the evidence, or the fact that those cases were capital felonies. Accordingly, this error requires reversal.

2. The general grounds of the motion for new trial are without merit. The remaining special ground is not passed on as the evidence may not be the same on another trial of the case. The trial court erred in denying the motion for new trial.

*Judgment reversed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 30, 1960.

*Gordon Knox, Jr., Ross & Ross, A. Russell Ross, Edwin W. Ross,* for plaintiff in error.

*J. Wade Johnson, Solicitor-General, Will Ed Smith,* contra.