## 38881. BOBO v. THE STATE.

TOWNSEND, Presiding Judge. 1. "The law is, in the trial of felony cases, that if any irregularity is shown in the conduct of the jury or the officers that have them in charge, the burden is upon the State to show that the accused is not injured by such misconduct." *Smith v. State*, 122 Ga. 154, 155 (50 S. E. 62). "It has long been the rule in Georgia that the separation of a jury, without the consent of the defendant

or the defendant's counsel, is prima facie error, and where . . . no countershowing is made by the State tending to show that the defendant was not, and could not have been harmed by the separation of the jury, a new trial will be granted." *Hannah v. State,* 212 Ga. 313, 319 (92 S. E. 2d 89). In the *Hannah* case the jurors were separated overnight in two groups of six, each in the company of an officer of the court. In the present case the jurors were separated into groups of two in six adjacent but non-connecting rooms, the bailiff remaining over night in the hall. Further, each room contained a telephone, and although the bailiff gave an affidavit to the effect that he instructed the desk clerk not to relay calls to and from the rooms, there was no showing that such instructions were in fact followed. Historically, the presumption of harm to the defendant by the separation of the jury is more strictly applied in capital felony cases. The defendant here did not consent to the separation of the jurors into pairs of two, or to the availability of telephone communications. His counsel moved for a mistrial promptly on the next day when the facts became known to him. The burden was on the State under these circumstances to make a countershowing that no harm was or reasonably could have been done by the irregularity, and it failed to do so.' Accordingly, it was error to overrule the motion for a mistrial.

2. The defendant was indicted for murder and convicted of voluntary manslaughter. The evidence for the State is to the effect that he and his witness went to the premises on which the shooting occurred, both carrying shotguns; that the defendant accused one of the men at the house of stealing his whisky and threatened to shoot him; that the two went to a shack behind the house and the defendant searched for the whisky but did not find it; that they returned to the porch; another man whose connection with the defendant, if any, is unexplained came from an automobile toward the house and the defendant suddenly pointed the shotgun at him and fired, hitting him in the head and killing him. The evidence of the defendant is that he was leaving when the third man came toward the house, asked him what the trouble was and, when he said there was no trouble, drew a knife on him; that he retreated toward the house and up the steps; that as he reached the porch a fourth man standing on the porch drew a knife

on him and that he hit this man in the chest with the butt of the shotgun, which then exploded, shooting the man advancing toward the porch behind him, and that the shooting was accidental.

Where under the various aspects of the evidence the crime must be murder or nothing, a charge on manslaughter should not be given. *Clyde v. State,* 138 Ga. 767 (1) (76 S. E. 49). Equally, where the State's evidence demands a finding of murder or manslaughter on the one hand, and justification or accident on the other, the law of involuntary manslaughter is not involved. It is certainly lawful to defend oneself with the stock of a gun against a person advancing against one with a knife. Involuntary manslaughter in the commission of a lawful act without due caution and circumspection must be such as shows a reckless disregard for the safety of others. *Geele v. State,* 203 Ga. 369 (47 S. E. 2d 283). It was stated in *Austin v. State,* 110 Ga. 748 (2) (36 S. E. 52, 78 Am. St. Rep. 134): "When death results to one from the discharge of a gun in the hands of another, who had no intention to kill, nor any intention of discharging the gun, the discharge being caused by the reckless manner in which the gun was handled, the slayer is guilty of involuntary manslaughter only, and the particular grade of that crime would be dependent upon whether at the time and place of the killing it was lawful for the slayer to be in possession of a deadly weapon." It does not appear that it was unlawful for the defendant to have the shotgun on the occasion in question. According to his account its use was imperative in his own defense, and the fact that it discharged and killed another while he was thus defending himself in a lawful manner did not amount to such criminal negligence as to show reckless disregard for the safety of others and constitute the offense of involuntary manslaugher in the commission of a lawful act. If, on the other hand, he pointed and fired the gun at the deceased as witnesses for the State say he did, his offense was at the least voluntary manslaughter. There being no evidence as to the lower grades of homicide, it was not error for the court to fail to charge on involuntary manslaughter.

3. The remaining special grounds of the motion for a new trial are not passed upon as they are not likely to recur.

The trial court erred in overruling the motion for a new trial.

688

*Judgment reversed. Frankum and Jordan, JJ., concur.*
DECIDED MAY 12, 1961.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error.
*Horace T. Clary, Assistant Solicitor-General, Chastine Parker, Solicitor-General,* contra.