39000.   FISHER v. THE STATE.

Decided September 6, 1961.

*Gordon Knox, Jr., A. R. Ross,* for plaintiff in error.

*Albert D. Mullis, Solicitor-General, Will Ed Smith,* contra.

JORDAN, Judge. This is the second appearance of this case in this court. See *Fisher v. State,* 102 Ga. App. 505 (116 SE2d 640). The question to be here decided is whether or not there was sufficient evidence to authorize the finding of the jury. The defendant contends that there was no direct evidence that his automobile struck the deceased and that the evidence relied upon by the State was wholly circumstantial. While a considerable part of the State's case is based upon circumstantial evidence, there was the positive direct testimony of the two witnesses who were following the defendant's car to the effect that they saw his car swerve off the highway at which time they saw a cloud of dust and an object flying into the air, and that this object was

seen to be the body of the deceased immediately upon their arrival at the scene of the accident. Other witnesses who heard the impact, saw the cloud of dust and the object in the air identified the car which hit the object as being the same make and color car which was being driven by the defendant at the time he was apprehended.

Witnesses at the scene of the accident fixed the time at approximately five minutes before 8 p.m. While other testimony would indicate an earlier time, the jury was authorized to believe that the accident occurred some 32 minutes after the defendant left Cochran, Ga., giving ample time for his vehicle to be at the scene of the accident traveling at a normal speed. This theory of the defense as well as the possibility that the defendant suffered an epileptic seizure at the time, together with the theory that some other vehicle could have struck the deceased have all been decided against the defendant by the jury. A jury has seen proper to render a verdict against the defendant in a case turning upon questions of fact; the judge who presided in the case has approved the verdict; the motion for new trial is confined to the general grounds, and this court, in accordance with the rule of non-interference in such cases, must affirm the judgment overruling the motion for a new trial. *Walters v. Freeman,* 116 Ga. 423 (42 SE 741); *Meadows v. State,* 186 Ga. 592 (199 SE 133). Where the verdict is supported by some evidence and is approved by the trial court, this court is without authority to interfere. *Humphries v. State,* 78 Ga. App. 139 (50 SE2d 799). After a careful consideration of the facts in this case we must conclude that there was ample evidence to authorize the verdict of the jury. The judgment of the trial court in overruling the motion for a new trial is therefore affirmed.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*