46242. WELLMAKER v. THE STATE.

ARGUED MAY 4, 1971—DECIDED JUNE 14, 1971.

*Walton Hardin,* for appellant.

*Kenneth E. Goolsby, District Attorney,* for appellee.

DEEN, Judge. 1. *Code* § 59-717 prescribes that the oath of the bailiff having charge of the jury shall be, in part: "You shall make no communication with them yourself, nor permit anyone to communicate with them, except by leave of the court." "The law contemplates that when a jury are selected and sworn to try a citizen for felony, they shall be entirely separated from the world, and that no communication whatever shall be had with them, from the beginning of the trial until the verdict is rendered, unless by leave of the court." *Shaw v. State,* 83 Ga. 92, 100 (9 SE 768); *Hannah v. State,* 212 Ga. 313, 323 (92 SE2d 89). The sole purpose of requiring that the jury not be separated from each other, except on agreement of counsel and under instructions from the court, is of course to make sure that no member of the jury will communicate with the outside world about the case at hand, and that the bailiff who is sworn not to let them do so is present to see that they do not. Failure of the bailiff to supervise the jury

at all times is cause for reversal. *Fisher v. State,* 102 Ga. App. 505 (116 SE2d 640). Both in *Fisher* and in *Bobo v. State,* 103 Ga. App. 685, 686 (120 SE2d 203) the jury were separated overnight in motel rooms, and (as to *Bobo*): "Further, each room contained a telephone, and although the bailiff gave an affidavit to the effect that he instructed the desk clerk not to relay calls to and from the rooms, there was no showing that such instructions were in fact followed. . . The defendant did not consent to the separation of the jurors into pairs of two, or to the availability of telephone communications." On the other hand, where the State makes a countershowing clearly establishing that, although a juror was in telephone communication with others not impaneled, nothing was discussed concerning the investigation of the case, the denial of a new trial was not an abuse of discretion. *Potter v. State,* 12 Ga. App. 315 (3) (77 SE 186). "Private communications, possibly prejudicial, between jurors and third persons, or witnesses, or the officer in charge, are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear." Mattox v. United States, 146 U. S. 140, 150 (13 SC 50, 36 LE 917); Tillman v. United States, 406 F2d 930, 937 (5th Cir.). Unsanctioned and unreported telephone conversations by jurors are generally held cause for reversal unless there is a countershowing that no harm to the defendant could have resulted therefrom. People v. Migliori, 269 App. Div. 996 (58 NYS2d 361); Davis v. State, 60 SW2d 783 (Tex. Cr.).

The affidavit, unrebutted, demands a conclusion that jurors called out on the telephone in the jury room and that three or four incoming calls were received, and nothing is said about the subject matter of the calls. Obviously the inhibition against permitting communication between one or more jurors and third persons was violated, and this is at least prima facie harmful to the defendant so as to demand a reversal of the case.

2. The general grounds of the motion for new trial are without merit. The remaining special grounds are not passed upon as they are unlikely to recur.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*