## 48349. FAIR v. THE STATE.

QUILLIAN, Judge. The defendant was indicted for the offense of murder and convicted of voluntary manslaughter. She filed an appeal and the case is here for review. *Held:*

1. The defendant enumerates as error the fact that the jury was locked up in groups of two for the night in a motel where they had access to a telephone. This was done without the knowledge or permission of the defendant. In *Hannah v. State,* 212 Ga. 313, 319 (92 SE2d 89), it was held: "It has long been the rule in Georgia that the separation of a jury, without the consent of the defendant or the defendant's counsel, is prima facie error, and where, as in this case, no countershowing is made by the state tending to show that the defendant was not, and could not have been harmed by the separation of the jury, a new trial will be granted. *Westmoreland v. State,* 45 Ga. 225 (8); *Jones v. State,* 68 Ga. 760 (2); *Silvey v. State,* 71 Ga. 553; *Kirk v. State,* 73 Ga. 620 (3); *Shaw v. State,* 83 Ga. 92, 98 (9 SE 768); *Smith v. State,* 122 Ga. 154, 155 (50 SE 62)."

However, in the present case there was a showing that the defendant was not harmed. The trial judge asked the jury under oath if they had discussed the case with anyone while segregated and the response was negative. Therefore, the error if any was harmless. *Woodruff v. State,* 204 Ga. 17 (5) (48 SE2d 885); *Wellmaker v. State,* 124 Ga. App. 37, 38 (183 SE2d 62).

2. The defendant further objected because the wife of one of the jurors was allowed to give him a shot of insulin. The juror testified that when his wife was allowed to enter his room not a word was spoken and this counter-showing was enough to show that the defendant was not harmed.

3. The defendant contends that the trial judge erred in failing to charge the jury in regard to involuntary manslaughter. It was not error to fail to charge on involuntary manslaughter because there was no evidence to raise such an issue in this case. The defendant in her unsworn statement related that the gun went off accidentally when she and the deceased grabbed it. This statement did not raise the question of involuntary manslaughter. *Scott v. State,* 210 Ga. 137 (2) (78 SE2d 35). Furthermore, there was no written request for such a charge. *Lewis v. State,* 42 Ga. App. 183 (155 SE 382); *Wilson v. State,* 215

Ga. 672 (5) (113 SE2d 95); *Parker v. State,* 218 Ga. 654, 656 (129 SE2d 850).

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JULY 2, 1973 — DECIDED SEPTEMBER 17, 1973 — REHEARING DENIED OCTOBER 25, 1973 —

*Oliver & Oliver, Robert F. Oliver,* for appellant.

*V. D. Stockton, District Attorney,* for appellee.

