## 52388. MALTBIE v. THE STATE.

Stolz, Judge.

The defendant appeals her conviction of cruelty to children. The factual situation developed by the evidence at the defendant's lengthy trial does not control the resolution of this case on appeal. Suffice it to say that, under the evidence, the jury was authorized to acquit or convict.

1. The trial judge concluded his charge to the jury at

lunchtime. Prior to the jury's being taken to lunch, they were instructed not to discuss the case among themselves or permit anyone to discuss the case with them. The jury commenced deliberations upon its return from the noon meal and did so through the afternoon until time for the evening meal. Prior to the jury's being taken to dinner, the judge again gave cautionary instructions. Upon their return, the jurors continued deliberations, but were unable to reach a verdict. Thereupon the judge instructed the sheriff to arrange accommodations for the evening at a local motel. At this time, the jury was instructed not to discuss the case or deliberate on it until the next day at 9:00 o'clock. The jury was taken to a local motel. The housing accommodations provided for two jurors to share a room. Some of the rooms were connected by an adjoining door. All rooms had bath facilities, television sets and telephones.

Evidence developed at a post-trial hearing showed that each juror had a telephone conversation with a person not a member of the jury; a number of the jurors watched the late evening news on one of the Atlanta television stations on which the trial was reported; a number of the jurors purchased newspapers and read a first-page article on the trial; one juror had a bottle of bourbon whiskey brought to him; and several of the jurors discussed the case among themselves. At the post-trial hearing each juror testified that nothing that was seen, read or heard during the particular evening had any effect on the outcome of the case. The trial judge overruled the defendant's motion for new trial on this ground.

We believe he erred in doing so. We have done extensive legal research on this issue and agree that the current attitude toward jury separation and conduct is much more lax than in former times. We have found cases where a juror's making a telephone call, or reading a newspaper, or watching television, or listening to the radio, was held to be error. We have also found cases where no reversible error was found in each of the foregoing situations, but in those latter cases invariably only one juror was involved in only one type of outside contact, i.e., making a telephone call, etc. In this case, the entire jury was involved in at least one form of outside

contact, most jurors in several instances, and some in all those we have mentioned. (See appendix this opinion for illustrative purposes.) Newspaper accounts of the trial should not be read by the jury during the progress of the trial. Likewise, radio and television news accounts of the trial should be avoided. Members of the jury should communicate with other persons only after obtaining specific permission to do so from the court, and then only in the manner prescribed by the court. In this case, certain jurors disregarded the specific instruction of the court not to discuss the case among themselves.

The rules are intended to keep the jury as free from even the appearance of having their verdict being influenced by anything other than the evidence regularly presented in the courtroom and evaluated by the entire jury during the deliberative stage. This is particularly true in a criminal case, where the freedom and liberty of the accused are so heavily involved.

2. The jury deliberated at length prior to reaching its verdict. Upon their return to the courtroom, the following verdict was tendered to the trial judge: "We the jury find the defendant guilty without intent and recommend mercy." The trial judge found that verdict unacceptable and instructed the jury to return a verdict of "guilty" or "not guilty." The jury went back to the jury room and subsequently returned with a verdict of "guilty." The judge then asked the jury foreman if he had anything to say to the court. The foreman affirmatively replied, stating, "We have found the defendant guilty without intent and recommend mercy."

"A crime is a violation of a statute of this State in which there shall be a union of[1] joint operation of act, or omission to act, and intention, or criminal negligence." Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269). The indictment pursuant to which the defendant was tried alleged that the defendant did "maliciously cause said child cruel and excessive physical and mental pain." "Maliciously" includes "intent," whereas "heedless

---

[1]"Or" under the Penal Code of 1895. See *Southern Exp. Co. v. State,* 149 Ga. 489, 493 (100 SE 709).

disregard" includes criminal negligence. There is no mention of criminal negligence in the indictment, or charge against the defendant that the evidence of the child's abuse was the result of "wanton or heedless disregard" for the child. The original verdict of the jury amounted to an acquittal. There could be no finding of guilt without intent in this case. Compare *Couch v. State,* 28 Ga. 367; *O'Connell v. State,* 55 Ga. 191; *Stephens v. State,* 56 Ga. 604; *Lambert v. State,* 17 Ga. App. 348 (2) (86 SE 782); *Cross v. State,* 124 Ga. App. 152 (183 SE2d 93). In *Ezzard v. State,* 11 Ga. App. 30 (74 SE 551), where the verdict was found to be one of acquittal, this court found that a new trial was precluded under the former jeopardy provisions of the bill of rights. It follows that once the jury reached its verdict in this case, and the same was presented to an officer of the court and the court, the trial had ended. The trial court was without authority to return the jury to its room for any further action. However, we do note that even after the jury returned the "guilty verdict," the foreman reaffirmed the original verdict and announced in open court that the jury found the defendant "guilty without intent."

3. The remaining enumerations of error are not passed upon.

4. The conviction of the defendant is reversed with direction that a judgment of "not guilty" be entered of record in the Superior Court of Rockdale County.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*

SUBMITTED JULY 12, 1976 — DECIDED JULY 16, 1976.

*Swertfeger, Scott & Turnage, Thomas L. Scott, Charles D. Read, Jr.,* for appellant.

*Richard Bell, District Attorney, Calvin A. Leipold, Jr., Randall Peek, Assistant District Attorneys,* for appellee.

APPENDIX.

*Daniel v. State,* 56 Ga. 653, 655 (1876) (Juror permitted to go to a store-house through a crowd, some of

whom he could have heard expressing opinions about the case); *Obear v. Gray,* 68 Ga. 182 (1881) (Jurors allowed to be carried to a public park on a Sunday and separated for some considerable time, exposed to possibly hearing bystanders' remarks about the case); *Jones v. State,* 68 Ga. 760 (1881) (Sheriff occupying same bed as juror); *Shaw v. State,* 83 Ga. 92 (1) (9 SE 768) (1889) (Bailiff allowed the jury to go to a church prayer meeting conducted by the prosecutor in the case); *Robinson v. Donehoo,* 97 Ga. 702 (25 SE 491) (1896) (Jurors engaged in a 15-minute conversation with a third party about an unknown topic); *Rainey v. State,* 100 Ga. 82 (27 SE 709) (1896) (Juror was entertained at dinner by state's attorney); *Smith v. State,* 122 Ga. 154 (50 SE 62) (1904) (Jurors engaged in music and dancing after court had adjourned, left the courtroom without the judge's permission and against the oath of the bailiff, and made experiments upon the testimony sworn before them); *Styles v. State,* 129 Ga. 425 (59 SE 249) (1907) (Jurors read newspaper editorials which, though not mentioning the case they were trying, included cases of that class); *Blount v. State,* 214 Ga. 433 (4) (105 SE2d 304) (1958) (The bailiff in charge of the jury went to a room separate and apart from the jurors and *went to bed*); *Allen v. State,* 215 Ga. 455 (1) (111 SE2d 70) (1959) (Bailiff was in a room with a juror, but *went to sleep*); *Walker v. State,* 216 Ga. 15 (2) (114 SE2d 431) (1960) (Jurors were quartered on different floors of a hotel and bailiffs *slept* in different rooms); *Atlanta Newspapers v. State of Ga.,* 216 Ga. 399 (2) (116 SE2d 580) (1960) (Held that jurors must be charged, before dispersal, not to communicate with anyone about the case; permit anyone to communicate with them about it; read newspaper articles or listen to radio or television broadcasts about the case; or, if necessary, not to read newspapers or listen to radio and television at all during recess); *Glenn v. State,* 217 Ga. 553 (2) (123 SE2d 896) (1962) (Alternate jurors are excluded from the jury room during deliberations except under certain conditions); *Smith v. State,* 218 Ga. 216 (2) (126 SE2d 789) (1962) (Jurors read newspapers and watched and heard television; was harmless error only because such media merely reported that the case was being tried); *Battle v. State,* 234 Ga. 637 (217 SE2d 255) (1975) (Bailiff

conversed with foreman about the case during deliberation; was harmless error because of the nature of the charge and the sentence); *Spooner v. State,* 56 Ga. App. 618 (193 SE 432) (1937) (The bailiff and a third party made improper remarks to the jurors while they were deliberating); *Fisher v. State,* 102 Ga. App. 505 (116 SE2d 640) (1960) (Bailiffs slept in rooms of jurors, not seeing them until breakfast); *Bobo v. State,* 103 Ga. App. 685 (1) (120 SE2d 203) (1961) (Jurors were separated into pairs in adjacent but not connecting hotel rooms, which had telephones, and the bailiff remained in the hallway overnight); *Hendricks v. State,* 108 Ga. App. 259 (2) (132 SE2d 845) (1963) (Juror had lunch with his sister, a state's witness, during the trial); *Wellmaker v. State,* 124 Ga. App. 37 (1) (183 SE2d 62) (1971) (Jurors had a telephone in the jury room while deliberating, making and receiving calls); *Fair v. State,* 130 Ga. App. 73 (1) (202 SE2d 247) (1973) (Jurors locked up in groups of two in a motel with access to telephones; was harmless error where they swore they hadn't discussed the case with anyone). See generally "Separation of jury in criminal case," 21 ALR2d 1088; "Separation or dispersal of jury in civil case after submission," 77 ALR2d 1086; 58 AmJur2d 266-323, New Trial, §§ 76-114; 66 CJS 161-189, New Trial, §§ 47-62; 16A Ga. Dig. 121-134, New Trial, §§ 42-56.