## 53762. ANDERSON et al. v. THE STATE.

MARSHALL, Judge.

The appellants were tried concurrently by accusation before a jury for two counts of simple battery. Each appellant was convicted as charged and sentenced to serve a year on one count and a year's probation on the second count to follow the first sentence. Each appellant raises the same four enumerations of error; namely, that they were denied due process of law by being forced to submit to trial in the Criminal Court of Fulton County upon misdemeanor offenses before a five-man jury, a constitutionally defective number (Enumerations 1 and 2); that the trial court refused to discharge a juror or the jury panel because of possible contamination resulting from contact between one juror (or more) and the prosecutor (Enumeration 3); and the denial of an amended motion for new trial based upon the same allegations of error (Enumeration 4). *Held:*

1. The first two enumerations of error are without merit. While we cannot decide constitutional questions, we need not make such a determination in this case. Our Supreme Court has already decided that the constitutionally approved minimum of five jurors prescribed by the 1945 Constitution of Georgia for all courts except superior courts is lawful and appropriate. Ga. L. 1890-1891, Vol. 2, p. 935, as amended by Ga. L. 1935, p. 498 (Code Ann. § 2-5101); *Sanders v. State,* 234 Ga. 586 (216 SE2d 838) (1975). See Williams v. Florida, 399 U. S. 78, 92 (fn. 28) (90 SC 1893, 26 LE2d 446) (1970).

2. The third enumeration of error arose as follows. After the jury had been selected and allowed to disperse, the trial was set to recommence. As the prosecutor approached the doors to the courtroom, a group of persons was standing outside the door. The prosecutor was asked a question by one of the group relating to what would happen that day and perhaps why some of the jurors were not allowed to go home, or words to that effect. No case was mentioned nor was any comment of significance uttered by either the prosecutor or anyone in the group. One of the jurors who participated in this case was seen by counsel for the appellants to be standing in that group. The juror

was examined and admitted being in the group when approached by the prosecutor while the official was holding a cup of coffee. The juror said nothing, overheard nothing and did not really remember the gist of any conversation. The trial court refused to excuse the juror or the panel or to chastise the prosecutor.

Under the circumstances, the juror was not influenced either for or against either party to this trial. Voir dire indicated that nothing unusual or prejudicial occurred. It was not error to refuse to discharge the juror or chastise the prosecutor in the absence of a need therefor. See *Battle v. State,* 234 Ga. 637 (217 SE2d 255) (1975); *Smith v. State,* 218 Ga. 216 (2) (126 SE2d 789) (1962); *Fair v. State,* 130 Ga. App. 73 (1) (202 SE2d 247) (1973). When error is assigned, it must be shown that the appellants were in some way injured, or that there was an advantage to the state. It has not been shown of record that the appellants exhausted their strikes nor in what manner the state was benefited. This does not establish the need for a new trial. *Ethridge v. State,* 163 Ga. 186 (1b) (136 SE 72) (1926).

3. The last enumeration of error is based upon the four enumerations of error resolved in the first two divisions of this opinion. Having found no error in those previously discussed enumerations, we find none in the final enumeration. See *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976); *Calhoun v. State,* 135 Ga. App. 609, 611 (2) (218 SE2d 316) (1975).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 7, 1977 — DECIDED APRIL 21, 1977.

*King, Phipps & Associates, Carl A. Bryant, C. B. King, Herbert E. Phipps,* for appellants.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.