55288. MALOOF v. THE STATE.

McMURRAY, Judge.

The defendant was indicted for the offense of involuntary manslaughter in the commission of an unlawful act. The jury returned a verdict of guilty of involuntary manslaughter in the commission of a lawful act in an unlawful manner. Defendant appeals, contending that the verdict is not authorized by the evidence. *Held:*

The defendant took the stand and testified in his own behalf. He related that on the morning of her death, his

wife woke him in a rage and that he attempted to calm her in order to determine the source of her anger. He retrieved a gun (a .357 magnum revolver) from under the mattress and offered it to her saying, "just take this and you can shoot me and be away with it and be through with all . . . you won't have to hassle with me anymore." At that point in time the defendant realized the hammer of the revolver was back in a cocked position and decided to let it down. He then testified that he pointed the gun "toward a crease in the ceiling, between the ceiling and the wall," and began to let the hammer down. While lowering the hammer defendant testified he was looking at the gun, and suddenly saw his wife in front of him, at which time the gun discharged, killing the victim immediately.

The defendant contends that the evidence is not sufficient to support the conviction. Defendant's argument is that there was a failure of proof as to the gross negligence necessary to sustain a conviction under Code § 26-1103 (b) and that if there was any evidence of such gross negligence that it was not shown that such was the proximate cause of the victim's death.

The jury was authorized to find that the injection of a loaded .357 magnum revolver into a domestic quarrel was such gross negligence and heedless indifference to the rights and safety of the victim that an injury to the victim was reasonably foreseeable. *Collins v. State,* 66 Ga. App. 325, 327 (18 SE2d 24). Nor can we say that the jury was not authorized to conclude that this gross negligence was the proximate cause of the victim's death. See *Austin v. State,* 110 Ga. 748, 750 (36 SE 52); *Geele v. State,* 203 Ga. 369, 374-376 (47 SE2d 283); *Clonts v. State,* 18 Ga. App. 707 (1) (90 SE 373).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 6, 1978—DECIDED MARCH 7, 1978 —
REHEARING DENIED MARCH 23, 1978 —
CERT. APPLIED FOR.

*Thompson & Petrella, J. Roger Thompson, Frank J. Petrella,* for appellant.

*John T. Perren, District Attorney,* for appellee.