71013. BOSWELL v. THE STATE.
(338 SE2d 62)

BIRDSONG, Presiding Judge.

The defendant appeals his conviction of the offense of aggravated assault. *Held:*

1. Error is enumerated in the trial court giving a charge that the acts of a person of sound mind and discretion are presumed to be a product of a person's will, but such presumption may be rebutted. The court further charged that a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted. This is the identical charge that was condemned in *Francis v. Franklin,* __ U. S. __ (104 SC 2677, 85 LE2d 344) (1985). The Supreme Court found such instruction "created an unconstitutional burden-shifting presumption with respect to the element of intent." (53 LW 4498). Further, the court held that even though the jury was informed such presumption "may be rebutted," this instruction would neither dissipate the error nor cure the infirmity in the charge. Such a charge "does not comport with the requirements of the Due Process Clause" of the Fourteenth Amendment. (53 LW 4500).

2. The Supreme Court has also held that their "prior decisions establish a general rule that a change in the law occurring after a relevant event in a case will be given effect while the case is on direct review." *Hamling v. United States,* 418 U. S. 87, 102 (94 SC 2887, 41 LE2d 590); accord *Jenkins v. Georgia,* 418 U. S. 153, 155 (94 SC 2750, 41 LE2d 642). "Thus any constitutional principle enunciated in [*Francis*] which would serve to benefit [the defendant] must be applied in their case." 418 U. S. at 102. Accordingly, the charge being in violation of the due process clause of the Fourteenth Amendment, the judgment of conviction must be reversed.

3. The remaining enumerations of error are either without merit or are not likely to reoccur upon a retrial of this case.

*Judgment reversed. Carley and Sognier, JJ., concur.*

*Jimmy D. Berry*, for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney*, for appellee.