## 72606. LOFTIN v. THE STATE.
(349 SE2d 777)

CARLEY, Judge.

Appellant was indicted for murder, tried by a jury, and found guilty but mentally ill of voluntary manslaughter. Following the denial of her motion for new trial, appellant appeals from the judgment of conviction and the sentence entered on the jury's verdict.

1. The ostensible verdict that was initially returned by the jury was a finding of "guilty of voluntary manslaughter by reason of insanity." The trial court refused to accept this as a proper verdict and sent the jury back to re-deliberate. After further deliberation lasting approximately ten minutes, the jury returned the verdict which found appellant guilty but mentally ill of voluntary manslaughter. Appellant contends that the specific finding of "insanity" contained in the jury's first ostensible verdict negates any possibility of her legal guilt. Therefore, she urges that the trial court erred in allowing the jury to

re-deliberate after refusing to direct a verdict of not guilty by reason of insanity.

Appellant relies on *Maltbie v. State*, 139 Ga. App. 342, 344 (2) (228 SE2d 368) (1976). In *Maltbie*, a verdict of "guilty but without intent" was held the equivalent of an acquittal in that the jury's separate finding of the defendant's lack of criminal intent was clear and unambiguous. If the defendant acted "without intent," there could be no criminal guilt as a matter of law. Thus, the defendant in *Maltbie* was subjected to double jeopardy when, after erroneously refusing to accept a verdict that constituted a finding of no criminal guilt, the trial court allowed the jury to re-deliberate. Moreover, even after the jury in *Maltbie* ultimately did return a verdict of "guilty," the foreman reiterated the jury's finding that the defendant had acted without intent.

The instant case differs from *Maltbie*. Here, the ambiguity in the verdict concerned the word "insanity." Unlike the more general concept of "intent," some confusion has always surrounded "insanity" as a legal concept. See generally *Echols v. State*, 149 Ga. App. 620, 624 (2) (255 SE2d 92) (1979). Moreover, by virtue of enactment of an amendment to OCGA § 17-7-131, a jury is now specifically authorized to return a verdict which contains a finding as to guilt *and* a finding as to mental condition. See Ga. L. 1982, p. 1476. Accordingly, neither element of a verdict which ostensibly has been returned pursuant to OCGA § 17-7-131 can be considered separately from the other. It follows that, unlike *Maltbie*, no single element of a "guilty by reason of insanity" verdict is *necessarily* dispositive of the jury's finding with regard to ultimate criminal responsibility. The defendant is either not guilty by reason of the *defense* of legal insanity or, in the alternative, is legally *guilty* but mentally ill.

Hence, unlike the separate finding that the defendant in *Maltbie* acted "without intent," when the jury's finding concerning appellant's "insanity" is considered in the context of the entire verdict and of the applicable law, it is not at all clear what may have been meant thereby. Since the jury's first effort to return a verdict was "so uncertain and ambiguous[,] . . . the judge did not err in refusing to receive it and, without intimating what the verdict should be, in instructing the jury on the possible legal verdicts that they might return under the indictment and the evidence and the forms of such verdicts; in sending them back to the jury room; and, upon their return with a legal verdict in proper form, which is fully supported by the evidence, in receiving the verdict. [Cits.]" *Gober v. State*, 75 Ga. App. 505, 507 (43 SE2d 573) (1947).

2. Error is enumerated as to the giving of the charge that "every person is presumed to be of sound mind and discretion." There was no error. *Adams v. State*, 254 Ga. 481, 484 (4) (330 SE2d 869) (1985).

The record does not support appellant's further contention that the trial court, by repetition, unduly emphasized this presumption. See generally *Harden v. State*, 166 Ga. App. 536 (1) (304 SE2d 748) (1983).

3. Appellant enumerates as error the trial court's instruction to the jury that, if it found appellant "not guilty by reason of insanity at the time of the commission of the act, then the court would retain jurisdiction of her, she would be sent to one of our State mental institutions for an examination. If they thought there was anything wrong with her, they could take some steps to treat her. *If they didn't think anything was wrong with her, they could turn her loose.*" (Emphasis supplied.)

This instruction is clearly an erroneous statement of the law. The ultimate power to order the release from a mental institution of an insanity acquittee is one which rests, not in the institution, but in the trial court. OCGA § 17-7-131 (e, f). See also OCGA § 17-7-131 (b) (3) (A) (which was not in effect at the time of appellant's trial). The trial court is entirely free to reject the recommendation of the staff of the institution. See *Moses v. State*, 167 Ga. App. 556 (307 SE2d 35) (1983). "It is . . . permissible to require judicial approval before the insanity acquittee can be released, even though other persons cannot be involuntarily committed unless a team of medical experts so recommends. [Cits.]" *Clark v. State*, 245 Ga. 629, 643 (266 SE2d 466) (1980). "[I]nsanity acquittees have demonstrated their dangerous propensities by committing the physical elements of a crime" and, therefore, they must bear the burden of proving to the trial court their fitness for release. *Clark v. State*, supra at 645.

The State urges that the charge constitutes harmless error. However, the jury was, in effect, informed that in the event appellant was found not guilty by reason of insanity, some unknown persons at a state mental institution would then be authorized to release her back into society, notwithstanding the jury's own determination that she had committed an act of homicide while criminally insane. Under that instruction, the jury's verdict could well have been erroneously influenced by its belief that the procedural safeguards were inadequate and, if it found appellant not guilty by reason of insanity, her established dangerous propensities and society's interest in her continued commitment might not be given sufficient weight and consideration in reaching a determination as to whether to release her from a mental institution. Accordingly, we hold the charge to be harmful error requiring the grant of a new trial. If the insanity defense is raised at the new trial, a charge in the language of OCGA § 17-7-131 (b) (3) (A) should be given.

4. Appellant enumerates as error the giving of the charge that "the acts of a person of sound mind and discretion are presumed to

be the product of that person's will but this presumption may be rebutted." In *Francis v. Franklin*, 421 U. S. ___, ___ (105 SC 1965, 85 LE2d 344) (1985), this language was held to create "an unconstitutional burden-shifting presumption with respect to the element of intent." See also *Boswell v. State*, 176 Ga. App. 855 (338 SE2d 62) (1985).

The State urges that this erroneous charge was harmless error. The harmless error rule is applicable in the analysis of unconstitutionally burden-shifting instructions. See generally *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986). However, since appellant's conviction must be reversed for the reasons discussed in Division 3, we need not decide whether the instant erroneous charge may have been harmless. At appellant's retrial, the trial court should scrupulously avoid the giving of any instruction which includes the erroneous language.

5. Appellant enumerates as error the denial of her request for a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). The request was made prior to testimony given by a deputy sheriff regarding a statement allegedly made by appellant. Although the State urges that no *Jackson v. Denno* hearing was necessary because appellant's statement was introduced during rebuttal, it is not the stage of the trial during which a defendant's statement is introduced that is controlling. A *Jackson v. Denno* hearing is required unless the statement is being introduced solely for impeachment purposes rather than as substantive evidence of guilt. See generally *Adams v. State*, 173 Ga. App. 877, 878-880 (2) (328 SE2d 767) (1985). Notwithstanding the fact that it was offered during rebuttal, appellant's statement was admitted as substantive evidence of her guilt. Moreover, even if a statement is to be introduced merely as impeaching evidence, a defendant is nevertheless entitled to a determination of voluntariness by the trial court, although not necessarily in the context of a separate *Jackson v. Denno* hearing. *Fain v. State*, 165 Ga. App. 188, 189 (6) (300 SE2d 197) (1983).

Although appellant's statement was offered as substantive evidence, she did not raise any issue concerning the voluntariness of that statement. She merely disputed the substance of her statement as testified to by the deputy. "[A] requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case: There is no evidence whatsoever in the record and no offer of proof that appellant's statements to the [deputy] were anything but voluntary." *Craver v. State*, 246 Ga. 467, 468 (1) (271 SE2d 862) (1980). Moreover, under such evidence as was adduced, *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) would be inapplicable. The evidence is undisputed that, although appellant was in custody

at the time of the statement, she was not being interrogated when it was made. The statement was interjected by appellant in the context of a conversation concerning the deputy's potential for a future career as a lawyer. The conversation did not constitute interrogation, insofar as it was not one that the deputy should have known was reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980); *Perry v. State*, 255 Ga. 490, 492 (2) (339 SE2d 922) (1986); *Lester v. State*, 174 Ga. App. 886, 887 (2) (332 SE2d 31) (1985). Compare *Brewer v. Williams*, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977). *Miranda* being inapplicable and appellant having admitted the voluntariness of her statements, she "can show no harm in the lack of a Jackson-Denno hearing. . . ." *Craver v. State*, supra at 468 (1).

6. Appellant's remaining unaddressed enumerations of error have either been rendered moot, are without merit or are not properly before this court.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1986 —
REHEARING DENIED OCTOBER 21, 1986

*W. Fletcher Sams*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.