## A92A2375. JONES v. THE STATE.
(428 SE2d 402)

JOHNSON, Judge.

Larry Austin Jones was charged under OCGA § 40-6-391 (a) (1) with driving under the influence of alcohol to the extent that it was less safe for him to drive. Evidence presented at trial showed that Jones was stopped at a roadblock, there was an odor of alcohol in his van, his speech was slow, his eyes were red, he failed a field sobriety test and his blood alcohol level was .08 grams percent. After deliberating for an hour, the jury returned with the following verdict: "We the jury find the Defendant guilty. We came to this decision based upon the law's definition of being 'under the influence,' and do not find that he was an unsafe driver. We recommend leniency." The judge told the jury that their verdict was unacceptable and, without asking them the meaning of it, recharged them as to the law. After further deliberations, the jury returned a verdict that simply said, "Guilty." Jones appeals from the judgment entered on that verdict.

Jones contends that the trial court erred in failing to enter a verdict of not guilty after the jury returned its first verdict because the jury's statement that he was not an "unsafe driver" amounted to a finding that he was not a less safe driver. Jones relies on *Maltbie v. State,* 139 Ga. App. 342, 344 (2) (228 SE2d 368) (1976), in which a verdict of "guilty but without intent" was held to be the equivalent of

an acquittal because there could be no criminal guilt without the element of intent. Jones' reliance on that case is misplaced because the jury's finding in this case, that he was not an unsafe driver, did not amount to a finding that an essential element of the crime charged was missing. OCGA § 40-6-391 (a) (1) does not require a finding that the driver was unsafe. "There is no requirement that the person actually commit an unsafe act." (Citations and punctuation omitted.) *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990). Rather, the statute simply requires a finding that the person was a less safe driver than he would have been if he were not under the influence of alcohol. *Cargile v. State*, 244 Ga. 871, 873-874 (1) (262 SE2d 87) (1979); *Campbell v. State*, 189 Ga. App. 303 (375 SE2d 654) (1988). Under the statute, a jury could consistently find that a person's driving, although not unsafe, was less safe than if the person were not under the influence of alcohol.

Here, the jury's finding that Jones was not an unsafe driver may or may not have encompassed a finding that he was not a less safe driver. Because of this uncertainty in the first verdict, the trial court did not err in refusing to receive it, in recharging the jury and in ordering further deliberations. *Loftin v. State*, 180 Ga. App. 613, 614 (1) (349 SE2d 777) (1986). The jury's subsequent verdict was clear, unambiguous and supported by the evidence. The trial court properly entered judgment on that verdict.

*Judgment affirmed. Carley, P. J., concurs. Pope, C. J., concurs specially.*

Pope, Chief Judge, concurring specially.

I concur specially because the one thing that is clear from the language of the jury's first verdict in this case is they did not understand the language of the charge on driving under the influence. When they returned their first verdict finding the defendant was guilty of driving under the influence but was not "an unsafe driver," probably they meant he was not a "less safe" driver. Of course, it is well-settled that one may not be convicted of driving under the influence in the manner proscribed by OCGA § 40-6-391 (a) (1) unless the jury finds the defendant was a less safe driver due to the influence of alcohol. *Clay v. State*, 193 Ga. App. 377 (2) (387 SE2d 644) (1989).

DECIDED FEBRUARY 23, 1993.

McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams, Robert H. Smalley III, for appellant.

Jack O. Partain III, District Attorney, Kermit N. McManus, As-

*sistant District Attorney,* for appellee.