A06A2426. ROBINSON v. THE STATE.
(638 SE2d 370)

ANDREWS, Presiding Judge.

Maurice Lamar Robinson appeals from the judgment of conviction entered on a jury verdict finding him guilty of possession of cocaine. He claims the trial court erred when, instead of accepting the jury's first of three verdicts as an acquittal, the court found the verdict was unclear and instructed the jury to resume deliberations to clarify the verdict. For the following reasons, we find no error and affirm the judgment entered on the subsequent guilty verdict accepted by the trial court.

Robinson was indicted and tried before a jury on the charge of possession of cocaine with intent to distribute. After the close of the evidence, the trial court instructed the jury on the charged offense and the lesser included offense of possession of cocaine, and gave complete instructions on the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt. Thereafter, the jury returned a verdict stating: "We, the jury, find him guilty with reasonable doubt of possession." Finding the verdict unclear, the trial court questioned the jury foreman.

Trial Court: You're saying you find him guilty of possession, but you're also saying with reasonable doubt of possession or reasonable doubt of intent?
Foreman: Both.
Trial Court: So you're saying you have a reasonable doubt as to the possession of the drugs — of guilty of the possession of the drugs, is that correct?
Foreman: That's correct.

The trial court then sent the jury out to continue its deliberations with the following instruction:

If you have a reasonable doubt about the guilt of the defendant as to either the original charge of possession with intent to distribute, then you must find the defendant not guilty of that offense, and if you have considered the offense of possession, the lesser offense of possession, and have a reasonable doubt about that, then you must find the defendant not guilty of that also. Now, I don't know if that's what your verdict is or not, but you've said guilty but with reasonable doubt, and that's inconsistent. I cannot accept a verdict to that effect.

Defense counsel objected on the basis that the trial court was required to accept the verdict as an acquittal based on the jury's finding of reasonable doubt.

After further deliberation, the jury returned a second verdict stating: "We the jury find him guilty of possession." When the trial court polled the jury as to this verdict, one of the jurors stated that she had reasonable doubt as to whether the defendant was guilty of possession of cocaine. The trial court concluded that this verdict reflected that the jury found the defendant not guilty of the charged offense (possession of cocaine with intent to distribute), but had failed to reach a unanimous verdict of guilty beyond a reasonable doubt on the lesser included offense of possession of cocaine. The trial court then sent the jury out again with instructions that any finding of guilt must be beyond a reasonable doubt, that the polling showed they had not reached a unanimous verdict, and that they should resume deliberations to attempt to reach a unanimous verdict of guilty or not guilty with respect to the lesser included offense of possession of cocaine. After receiving a note from the jury that they were deadlocked and could not reach a verdict, the trial court eventually gave the jury a charge pursuant to *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896), encouraging them, if possible, to reach a unanimous verdict. The jury subsequently returned a third verdict stating: "We, the jury, unanimously find the defendant guilty of possession of cocaine." A poll of the jury confirmed that all of the jurors found that Robinson was guilty of possession of cocaine, and the trial court entered judgment and sentenced Robinson on the guilty verdict.

The first guilty verdict was conditioned by the jury's additional statement in the verdict that it found the defendant "guilty with reasonable doubt." The trial court correctly refused to accept this verdict because reasonable doubt was inconsistent with a finding of guilt and cast doubt upon the unqualified nature of the guilty verdict. See *State v. Benton*, 278 Ga. 503, 505 (604 SE2d 169) (2004). "There is no verdict as long as there is any uncertainty or contingency to the finality of the jury's determination." (Citations omitted.) *Cook v.*

*United States*, 379 F2d 966, 970 (5th Cir. 1967). Because the verdict was inconsistent or otherwise defective, the trial court correctly called the jury's attention to the defect and gave instructions to the jury to resume deliberations to cure the defect. *Kennedy v. State*, 274 Ga. 396, 398 (554 SE2d 178) (2001) and *Wade v. State*, 258 Ga. 324, 332 (368 SE2d 482) (1988) (where jury returns ambiguous verdict, trial court may refuse to accept it and require the jury to continue deliberations); *State v. Freeman*, 264 Ga. 276, 277-278 (444 SE2d 80) (1994) (trial court has duty to insist on legal verdict according to the issues framed by the indictment and the court's charge to the jury).

Robinson argues that under *Maltbie v. State*, 139 Ga. App. 342, 344 (228 SE2d 368) (1976), the trial court was required to accept the first verdict of "guilty with reasonable doubt" as equivalent to an acquittal based on a finding of reasonable doubt. In *Maltbie*, we found the jury's verdict of "guilty without intent" was the equivalent of an acquittal, which the trial court was required to accept, because the jury's separate finding that the defendant acted without criminal intent was clear and unambiguous, and without criminal intent there was no guilt as a matter of law. Id. at 344-345. We find the present case is distinguishable from *Maltbie* for reasons similar to those expressed in *Loftin v. State*, 180 Ga. App. 613-614 (349 SE2d 777) (1986). In *Loftin*, we found the trial court correctly refused to accept the jury's verdict of "guilty of voluntary manslaughter by reason of insanity." (Punctuation omitted.) Id. at 613. Finding the legal concept of "insanity" inherently less clear than the concept of "intent," we rejected Loftin's argument that a finding of "insanity" negated any possibility of legal guilt and was the equivalent of an acquittal. Id. at 613-614. Similarly, we find that, unlike the separate finding in *Maltbie* that the defendant acted without criminal intent, the verdict of "guilty with reasonable doubt" is not clear and has no single element that is "necessarily dispositive of the jury's finding with regard to ultimate criminal responsibility." (Emphasis omitted.) *Loftin*, 180 Ga. App. at 614. It follows that the trial court did not err by refusing to accept the verdict and by sending the jury out for further deliberations with proper instructions. Id.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

Decided November 1, 2006 —

*Anthony J. Morgese*, for appellant.
*Garry T. Moss, District Attorney, Susan K. Treadaway, Assistant District Attorney*, for appellee.