28532. GOLDEN *v.* THE STATE.

DECIDED NOVEMBER 30, 1940.

*M. C. Edwards, J. W. Bonner, G. C. Webb, P. D. Rich, R. E. Wheeler,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *A. H. Gray, Hooper, Hooper & Miller,* contra.

BROYLES, C. J. The accused was on trial for the offense of murder and was convicted of voluntary manslaughter. Her motion for new trial was overruled and she excepted to that judgment. The bill of exceptions recites that during the trial and while witnesses were being examined the court orally announced a recess for five minutes, and the court and counsel for both parties left the court-room. Ten of the jurors retired to their room, while the other two (one being a Mr. Hay) remained in the jury box. Before the court, counsel, and the ten jurors returned to the court-room, the widow of the deceased approached the jury box, shook hands with Mr. Hay, and asked him how he and his wife were getting along. Mr. Hay replied that he and his wife were getting along all right. Nothing else was said by either of them. When the court, counsel, and the other jurors returned to the court-room, counsel for the accused made a timely and appropriate motion for a mistrial based upon the alleged improper conduct of juror Hay and the widow of the deceased. On the hearing of the motion, the undisputed evidence introduced showed that the above-stated conversation between the widow of the deceased and juror Hay took place and that they shook hands, the widow stating to the court that she was well acquainted with Mr. Hay and "didn't know any better." The court, in overruling the motion, made the following statement: "Of course, Mrs. Dunning didn't know any better, but, under the strict rule of law, she is in contempt of court. You can get your exceptions in the record. The jury may bring in a verdict of guilty or one of not guilty, and if they brought in a verdict of not guilty, that would finish it, but otherwise this would be taken up. I don't know what effect it had on the jurors. I don't know whether it constitutes a mistrial or not. Motion overruled."

In *Shaw* v. *State,* 83 *Ga.* 92 (9 S. E. 768), the court announced the following ruling: "Where misconduct of a juror or of the jury is shown, the presumption is that the defendant has been injured, and the *onus* is upon the State to remove such presumption by proper proof." And in that case, on pages 99 and 100, the

court said: "There are many things which can be done by individual members of the jury, or by the whole jury, which are susceptible of such clear explanation that the trial judge would be authorized in refusing to set the verdict aside. There are other things, however, which if done by an individual member of the jury, or by the whole jury, are so contrary to the public policy of the State in the procurement of fair and impartial trials for the citizens of the State, as to require that a verdict rendered by such jury be set aside, whether the defendant has been injured thereby or not. . . The State is jealous of the rights and liberties of its people. When one of its citizens is accused of crime, it throws around him all the safeguards that are possible, in order to procure him a fair and impartial trial. It requires the officer who has charge of that particular jury to swear, in substance, in open court, to take them to the jury-room and there keep them safely, and not to communicate with them himself or suffer any one else to communicate with them, unless by leave of the court. The law contemplates that when a jury are selected and sworn to try a citizen for felony, they shall be entirely separated from the world, and that no communication whatever shall be had with them, from the beginning of the trial until the verdict is rendered, unless by leave of the court. It contemplates that no outside influence shall be brought to bear on the minds of the jury, and that nothing shall occur outside of the trial which shall disturb their minds in any way; that the minds of the jury shall be entirely occupied with the consideration of the case which they are sworn to try."

The decision in the *Shaw* case, supra, was cited approvingly in *Styles* v. *State,* 129 *Ga.* 425, 429 (59 S. E. 249, 12 Ann. Cas. 176), where this court said: "Perfect impartiality in the juror is the object of the law. Anything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. Whether beneficial to the State or to the accused, such things, upon the ground of irrelevancy, should be suppressed and not given the opportunity of influencing the minds or exciting the passions of the jurors. Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors are allowed to creep into the trial." In *Smith* v. *State,*

122 *Ga.* 154, 157 (50 S. E. 62), the court said: "This court, from the time of its organization to the present time, has striven to protect the purity and impartiality of jury trials, and wherever there have been irregularities, unless fully explained and the court satisfied that the accused has not been injured, new trials have been granted." See, to the same effect, *Robinson* v. *Donehoo,* 97 *Ga.* 702 (25 S. E. 491) ; *Barfield* v. *State,* 179 *Ga.* 293 (3) (175 S. E. 582), where the court said: "The question is, not what was the effect produced upon the minds of the jury, but what effect the circumstances were calculated to produce. 'We can not determine what effect they did have, but it is apparent what effect they were calculated to have.'"

Applying the foregoing decisions to the facts of the instant case, we think the court erred in overruling the motion for a mistrial. The misconduct of the juror and of the widow of the deceased, while not gross, was sufficient ground for a mistrial. Neither the trial judge (as he frankly stated in his order overruling the motion) nor this court can know whether the conduct of the wife of the deceased, in shaking hands with the juror and inquiring how he and his wife were getting along, aroused his sympathy for her and influenced his conduct, but we think it was calculated to have such effect. The cases cited in the brief of counsel for the State are distinguished by their facts from this case. In most of them the evidence as to the misconduct of the jurors was conflicting, while in the instant case there was no such conflict. The error in overruling the motion for a mistrial rendered nugatory the further proceedings in the case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*