## 58127. JUSTICE v. THE STATE.
## 58128. BROWN v. THE STATE.

BIRDSONG, Judge.

Appellants Donald R. Justice and Ray C. Brown were jointly tried and convicted of robbery by force. Additionally Justice was convicted as a recidivist. Justice was sentenced to twenty years with twelve to serve, and Brown was sentenced to twelve years with seven to serve. They each enumerate as error the denial of their motions for a verdict of acquittal based upon a lack of probative evidence establishing identity. *Held:*

The relevant evidence shows that the victim was walking on the streets of Athens on his way home after an evening of frolic. The evidence further shows that it was between 4:00 and 4:30 a.m. and that the victim observed no one on the streets except for two black men he passed walking in the opposite direction. Shortly thereafter he sensed someone behind him. He was seized from behind and thrown to the ground and someone reached into his back pocket and removed his wallet. Thus, we are confronted with the typical mugging. When he was released, the victim raised up and saw two black men running from the scene. One was dressed in a red jacket or shirt and black trousers. He had a short Afro haircut. The other man was dressed in white clothes and had longer Afro-cut hair. There were no other persons in sight. A police patrol car drove up at about the same time. The officer saw three men on the sidewalk though the officer did not see an attack or anyone on the ground. Two black men were

walking away from the scene. One had a red jacket and black trousers. The other was dressed in white. The third man ran to the car and reported that he had just been assaulted and pointed toward the two black men who were then running away. There were no other persons on the streets. The officer pursued the two black men but temporarily lost sight of them. Subsequently, the officer searched the area in which the two men disappeared and within ten minutes of the robbery apprehended the appellant Justice who was attempting to hide by lying on the ground and who fled upon the approach of the officer. Justice was dressed in a red jacket, dark trousers, and had a short Afro haircut. Within ten or fifteen minutes of the robbery, a second officer who had been called to the scene as a back-up officer spotted a black man who was dressed in white with a long Afro haircut. This was in the vicinity of the robbery. The man was crouched down as if trying to avoid detection and his clothing was wet and stained. He was breathing hard as if he had been running. Both Justice and Brown were carried back to the police station where they were identified by the victim as the robbers but solely on the basis of their race, haircuts, and clothing. As indicated, at the close of the state's evidence and again at the close of all evidence, the trial court overruled motions for directed verdicts.

The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence must exclude every reasonable hypothesis except the guilt of the accused, not that it must remove every possibility of his innocence. *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803). In this case a prima facie showing of guilt was made out by the state. It was not necessary for the state to show a case that demanded a verdict, nor was it necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not by bare possibility have been done by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness are generally to be decided by a jury and if the evidence before the court is sufficient to authorize a jury to find appellant guilty, the appellate court will not disturb a ruling by the trial court giving the jury that right unless a

verdict of guilty is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263). Under the evidence before the court at the time the motions for directed verdict of acquittal were made, the only reasonable hypothesis before the court was that Justice and Brown probably were the robbers.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). The evidence in this transcript fully supports both the ruling by the trial court and the verdict of the jury. The enumerations of error in both appeals are without merit.

*Judgments affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED OCTOBER 1, 1979.

*Vicki C. Affleck,* for appellants.
*Harry N. Gordon, District Attorney, James M. Skipper, Jr., Assistant District Attorney,* for appellee.