## 60079. GREENE v. THE STATE.
## 60080. GRIFFETH v. THE STATE.

Birdsong, Judge.
Appellants Greene and Griffeth were tried jointly and convicted of aggravated assault upon a peace officer, escape, criminal attempt to commit aggravated battery and recidivism. Each was convicted of all charges. Each appellant has prosecuted a separate appeal, but because the facts are the same and the issue identical, we have

consolidated the appeals and will treat the appeals as one.

The facts disclose that Greene and Griffeth had each been convicted of a prior offense and committed to the Clarke County jail pending transfer to the state penitentiary. In order to show the status of confinement, the state introduced a certified copy of the prior conviction and sentence to confinement as to each appellant. On the morning of the offenses of assault and escape, the evidence shows that approximately 14 prisoners were being returned in single file from the dining hall to the holding cell area. Leading the file of prisoners was one detention officer, and another detention officer was at the end of the file. The corridor leading from the dining hall to the cell area passed through doorways with steel reinforcement and the corridor had one or more bends so that the officer at the end of the line could not observe what was occurring at the beginning of the line of prisoners. The attention of the guard at the end of the file was diverted for a moment and the appellant Greene seized the guard from behind and placed a homemade razor knife to the throat of the guard, saying words to the effect: "I'm not going to hurt you, *we* just want to get out." (Emphasis supplied.) As Greene forced the guard to walk on down the corridor around a bend, the guard observed the appellant Griffeth kneeling down on the corridor floor either kneeling on or otherwise holding the first guard down on the floor in a prone position. The guard being held by Greene attempted to resist Greene's hold and Greene dropped the knife, but other prisoners recovered the knife and the guard resisted no further. While the guard was struggling with Greene, Griffeth, still holding the other guard on the floor, stated that he (Griffeth) would not hurt the guard on the floor if the guard struggling with Greene would let Greene go.

At about the same time that Greene seized the guard at the end of the line, the evidence shows that Griffeth took a plastic cup of chlorine bleach which had been placed in Greene's sleeping area of the holding cell and threw the bleach into the eyes of the guard who had been in the front of the line. The guard had opened the door to the holding cell and the prisoners were passing from the corridor into the cell. The guard was standing in the corridor when Griffeth suddenly stepped from the cell and threw the bleach into the guard's eyes. The guard was temporarily blinded. Thereafter, four prisoners forced the two guards into a small cell and two entered an elevator that went back and forth from the basement to the jail which was on the fourth floor. However, because of quick notification, the two prisoners who actually went to the basement (where there was an entrance to the street), Greene and Griffeth, were apprehended and returned to the jail. The appellant Greene enumerates as the sole error the charge of the trial court which authorized Greene's

conviction for the assault by Griffeth against the front guard, i. e., upon a theory of aiding and abetting. It is Greene's contention that the evidence showed two coincidental and independent acts which occurred while an escape was in progress. Griffeth, in addition to the reverse of the same error urged by Greene, enumerates as error the admission of the prior conviction without limiting instructions; the charge on conspiracy; and the sufficiency of the evidence to support each of the charges of aggravated assault either because of lack of evidence of joint action or because the evidence failed to show an aggravated battery upon the lead guard by the use of chlorine bleach. *Held:*

1. We reject Griffeth's argument that it was error to introduce the record of prior conviction to show the lawfulness of confinement without a limiting instruction. While we agree that its impact might be substantial, the evidence was not introduced for a limited purpose. It was not offered to impeach or to show motive or intent. As was said in *Dixon v. State,* 234 Ga. 157, 158 (215 SE2d 5): "The lawful confinement of the appellant at the time of his escape was a necessary element of that offense and the fact that the appellant offered to stipulate that he was lawfully confined would not prevent the state from proving this element of the crime." This enumeration is without merit.

2. In the common enumerations of both appellants, there is involved the contention that the evidence did not support a joint enterprise nor was conspiracy charged as a separate count as a matter of law. However, the evidence showed that both men were interested in an escape. Greene stated that *we* want to get away, and Griffeth threatened harm to the guard he was holding if the guard did not release Greene. Greene obtained the chlorine bleach a couple of days before the escape and stored it in the area of his bunk, Griffeth utilized the bleach to immoblize the guard at the front of the line. While such evidence does not demand a finding that the two men were working in concert, the evidence certainly is more than sufficient to indicate a common design.

Where the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment. *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. *Hart v. State,* 139 Ga. App. 791, 792 (229 SE2d 673); *Ingram v. State,* 134 Ga. App. 935 (2) (216 SE2d 608). Once that common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by

any one of the associates, would, in legal contemplation, be the act of each of them. *Roberts v. State,* 242 Ga. 634, 635 (250 SE2d 482). It follows that the trial court did not err in charging the jury upon the law of conspiracy for there was ample evidence of a concert of action. Also, we find ample evidence to support the jury's finding that Greene was guilty of Griffeth's assault upon the lead guard and that Griffeth was guilty of Greene's assault upon the trailing guard. These enumerations of error are without merit.

3. In his final enumeration of error, Griffeth disputes the sufficiency of the evidence to support a conviction of attempted battery. The contention is that there was no showing that chlorine bleach had the caustic qualities necessary to cause damage to or destruction of the guard's eyesight. However, it is clear that Griffeth threw the solution into the eyes of the guard to disable him by blinding his sight. In this regard, Griffeth was temporarily successful. The fact that the eyes were quickly flushed and that permanent injury to the guard's eyes did not result, does not preclude the conclusion that Griffeth made a criminal attempt to blind the guard with a powerful bleaching substance. There was evidence that the guard's clothing suffered extensive bleaching where the bleach was not washed out of the clothing. There can be no question that the attempted destruction of another's eyesight constitutes a criminal attempt to commit an aggravated battery. *Mitchell v. State,* 238 Ga. 167, 168 (231 SE2d 773). Under these facts, we have no hesitancy in concluding that Griffeth attempted to blind the guard, and whether or not that attempt was irrevocably successful will not lessen the criminal intent with which Griffeth threw the liquid into the eyes of his victim. This final enumeration likewise lacks merit.

*Judgments affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED
JULY 9, 1980.

*William C. Bushnell,* for appellant (Case No. 60079).

*C. P. Brackett, Jr.,* for appellant (Case No. 60080).

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.