### 59706. BALL v. THE STATE.

SOGNIER, Judge.

Ball was convicted in the Superior Court of Clayton County of aggravated assault on a police officer. On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal and denying his motion for mistrial after the jurors improperly discussed the proceedings among themselves.

1. Evidence in the record would authorize the jury to find that during the afternoon of October 21, 1978 Ball, in a fit of anger, disconnected his telephone, went outside and threw the telephone; it struck and damaged the rear wheel of a bicycle owned by Darlene Sharp, a friend of Ball's daughter. Sharp reported this incident to her

parents and a friend who was present called the police. Officer William Putnam of the Clayton County Police Department responded to the call; after talking to Darlene Sharp he went to Ball's home to investigate the incident. Ball told Putnam he knew about the telephone incident; upon discovering Putnam had no warrant, Ball said he wanted to talk to his lawyer and went upstairs. Putnam heard a rustling sound and then saw a "six inch blue steel revolver" come into view. He ordered Ball to put the gun down or he (Putnam) would "blow him away." Ball backed behind the wall and pointed the gun at Putnam, who then fired a round into the wall Ball was behind. Ball fired three shots at Putnam, who was struck once in the neck, once in the shoulder and once in the ribs. Ball remained in the house and several police units arrived at the scene; after about an hour, Ball was talked into coming out of the house. In his sworn testimony Ball corroborated, essentially, what had occurred; however, he denied ever pointing his gun at Putnam before he shot at Ball. Ball testified that he thought the policeman had departed and Ball, a gun enthusiast, was on the way to his basement to clean his weapon when the shooting incident occurred.

The evidence recited above is more than sufficient to sustain the findings of the jury. We find that a rational trier of fact could find from the evidence presented at trial proof of Ball's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. At the conclusion of the state's case appellant made a motion, outside the presence of the jury, for a directed verdict of acquittal which was denied. When the jury returned one of the jurors informed the court they had a question concerning handling of the evidence. The juror then asked if the weapons (used in evidence and present in the courtroom) were examined before being brought in the courtroom to see whether or not they were loaded. The juror also stated this was a concern of several jurors. Appellant moved for a mistrial, contending the discussion of this matter was improper conduct by the jury. The motion was denied and on appeal appellant contends denial of his motion was error, citing *Maltbie v. State,* 139 Ga. App. 342 (228 SE2d 368) (1976) in support of his contention. In *Maltbie* the jurors talked to persons not on the jury; watched TV news reports of the trial; read newspaper accounts of the trial; and several jurors discussed the case among themselves in the absence of other jurors. Although each juror denied that he was influenced by anything he had seen, read or heard we reversed, holding that the purpose of the rule (that jurors are not to discuss the case among themselves or with anyone else) is to keep the jury free from even the appearance of having their verdict influenced by anything other than

the evidence presented in court and being evaluated by the entire jury during their deliberations. Id., at 344. We agree with the rule enunciated in *Maltbie,* but do not believe it is applicable in the instant case. Here, the juror asking the question stated the jury had been instructed not to discuss the case, and they had not discussed it. After stating the juror's concern over whether weapons in evidence were loaded or not, the juror again stated: "No other merits of the case or anything like that was discussed . . ." The juror also indicated they checked with the bailiff to see if they could discuss something "not pertaining to the merits of the case . . ." The bailiff was asked if it was proper, and after apparently checking with the trial judge the jury was informed it was all right, "but to be sure and bring it up in the Courtroom." Thus, it is clear that the jurors were not discussing the merits of the case; rather they were concerned, for obvious reasons of safety, as to whether several guns in the courtroom and in evidence were loaded or not. This matter had nothing to do with whether appellant was guilty or innocent of the charges against him, and did not indicate that the jurors were discussing the merits of the case among themselves. It indicated, at most, a legitimate concern for the safety of persons present in the courtroom. Accordingly, it was not error to deny the motion for mistrial under the circumstances of this case.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 7, 1980 — DECIDED JULY 9, 1980 —

*J. Dunham McAllister,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.