### 62475. QUILLAN v. THE STATE.

DEEN, Presiding Judge.

Herman Quillan was convicted under Code Ann. § 26-1804 (theft by extortion) and Code Ann. § 26-2305 (officer or employee improperly influencing another officer or employee) and appeals following the denial of his motion for a new trial.

1. The evidence does not show that the defendant was denied his right to appear before the grand jury as provided under Code Ann. § 27-706 and § 89-9908. Quillan was subpoenaed for 9:30 a.m. and arrived with his attorneys sometime after the proceeding began and demanded entrance. The guard posted at the front door of the grand jury room testified that he denied them entrance even after one of the attorneys read the law to him because a witness was testifying and asked them to wait. They refused and left. The co-defendant was

present when the session was convened and was permitted to attend the proceedings. We find that the defendant waived his right to attend by leaving the courthouse while the grand jury was in session.

2. The state did not fail to carry its burden of proving that the defendant was a party to the crime of extortion as a public official in collusion with Robert Jenkins. The evidence showed that Jenkins picked up the money from the victim as a "go between" between the victim and Quillan and that Jenkins and Quillan planned to split the money between them. The defendant also approached the chief witness in a shoplifting case (another police officer) and asked if the witness would object to "help" given to the victim.

3. The warrantless wiretap was authorized because the state had permission of one of the parties (the victim) and the message was in furtherance of a crime. Code Ann. § 26-3006.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1981.

*Alexander L. Zipperer III,* for appellant.
*Spencer Lawton, Jr., District Attorney, Robert M. Hitch, Assistant District Attorney,* for appellee.