64513, 64685. BEEN v. THE STATE (two cases).

McMURRAY, Presiding Judge.

Defendant was indicted separately for three different offenses of arson in the first degree, that is, he did knowingly procure and cause other persons to damage by means of fire a certain building, the property (the same building) of another on two separate occasions, January 20, 1977, and March 25, 1978, without the consent of both the insurer and the insured. The other indictment involved a fire on or about April 15, 1978, where a dwelling house was burned without the consent of the owner. The latter instance involved the dwelling of the lawyer representing the victim in the first two fires who had sued the defendant on another matter. Case Number 64513 is an appeal from the order of the court denying bond to the defendant pending appeal of his conviction. Case Number 64685 is the appeal of the conviction and sentence. We note here that separate counsel filed the enumeration of errors and briefs in these two appeals. The enumeration of error in Case Number 64513 does not involve the subject matter of the appeal (denial of bond) but alleges error in the denial of defendant's motion in limine with reference to certain testimony pertaining to an offense wholly independent from the crime charged. However, this enumeration of error is also covered in the enumerations of error in Case Number 64685. *Held:*

1. The trial court properly denied defendant's motion in limine with reference to other crimes of arson of similar nature even though they occurred in Brunswick some distance away from Savannah. All of the fires occurred within a 16-month period, and the evidence showed that same occurred in the hope of resolving certain financial and legal problems of the defendant, the procurement of the same torchman in each case, the same type of fuel, and the same pressure and fear tactics of the defendant to procure the torchman to perform the arson. Therefore, a logical connection existed so as to involve the exception to the general rule " 'from which it can be said that proof of the one tends to establish the other.' *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897)." *Joiner v. State,* 236 Ga. 580, 581 (2) (224 SE2d 414); See *Natson v. State,* 242 Ga. 618, 620 (1) (250 SE2d 420). Certainly, the other crimes of arson were permissible to show identity, intent, motive, plan, scheme, bent of mind and course of conduct. *Blake v. State,* 239 Ga. 292, 295 (1) (236 SE2d 637); *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515); *Baxter v. State,* 160 Ga. App. 181, 184 (2) (286 SE2d 460). The trial court did not err in denying the defendant's motion in limine, and in allowing testimony of these other crimes to be admitted in evidence.

2. The trial court did not err in denying defendant's motion for

directed verdict of acquittal. Only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom demands a verdict of acquittal is such a grant of the motion proper. See *Smith v. State,* 155 Ga. App. 657, 658-659 (3) (272 SE2d 522); *Justice v. State,* 151 Ga. App. 563, 565 (260 SE2d 558). Here the conviction was obtained upon the testimony of an accomplice, and there were corroborating facts and circumstances which in themselves and independently of the testimony of the accomplice directly connected the defendant with the crime or led to the inference that he was guilty. The evidence was sufficient to cast on the defendant more than a grave suspicion of his guilt, the same being peculiarly a matter for the jury to determine. See *Gilbert v. State,* 159 Ga. App. 326, 328-329 (3) (283 SE2d 361).

3. During the trial a taped conversation between the defendant and the accomplice (the co-conspirator/torchman) was allowed in evidence. This conversation occurred after the torchman had been interviewed by the Federal Bureau of Investigation as to his participation in the arson. This taped conversation was prompted when defendant called the accomplice's wife. The wife then called the accomplice and gave him the message. Accomplice went to a pay phone and called defendant's office. Approximately fifteen minutes thereafter defendant called accomplice at the pay phone location and the conversation transpiring between defendant and accomplice was taped by the accomplice. The contents of the taped conversation was relevant and admissible, and a proper foundation was made to allow same in evidence. See *Drake v. State,* 245 Ga. 798, 799-801 (1) (2) (267 SE2d 237). See also *Conner v. State,* 160 Ga. App. 202 (2) (286 SE2d 441); *Quillan v. State,* 160 Ga. App. 167, 168 (3) (286 SE2d 503).

4. Prior to a luncheon recess the jury had been instructed not to discuss the case among themselves or with anyone else. Thereafter, the defendant moved for mistrial contending that a request had been made by the jury to have a certain portion of the testimony to be replayed. However, counsel did not advise the court as to where he had obtained such information, the trial judge stating that he had been informed by the bailiff that only a member of the jury had asked that the tape be replayed and that he had refused to do that at that time. There simply is no evidence to support defendant's motion for mistrial based upon improper jury deliberation. See *Ball v. State,* 155 Ga. App. 220, 221-222 (2) (270 SE2d 385).

5. Defendant next contends that the trial court erred in refusing to charge as requested with reference to the introduction of evidence of other crimes not specifically charged in the indictment and the weight to be given by the jury.

A written request to charge was made that "this Defendant is on

trial for the particular offense charged in this bill of indictment [three offenses in this case] that you will have out for your consideration, and on no other charge or charges. He is not on trial on account of any other alleged offense or offenses, if any, is admitted for the purpose of your consideration solely and only under the provisions of the law that, where knowledge, motive, intent, good or bad faith, or identity, or any other matter dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial, evidence of the Defendant's conduct with reference to the same or similar transactions about the same time is admissible for the consideration of the jury insofar only as it might tend to illustrate the Defendant's state of mind on the subject involved, if you think it does so illustrate it. The Court does not intimate or express to you any opinion whatsoever as to whether the Defendant has had any other transaction at any time similar to the charge for which he is being tried in this bill of indictment. Whether he has or has not had similar transactions, you will bear in mind that, in connection with such evidence, you are considering it solely with reference to the mental state or intent of the Defendant insofar as the same is applicable or refers to or illustrates the charge embraced in this bill of indictment which you will have out with you for your consideration, and for no other purpose." The request was based upon *Mosley v. State,* 211 Ga. 611 (87 SE2d 314) and *Johnson v. State,* 215 Ga. 448, 452 (3) (111 SE2d 45).

We note here that the trial judge did not state whether he would charge or was declining to charge this written request which was voluminous in itself. The court did call attention to counsel that his written requests were very voluminous and repetitious and that he would like for counsel to "do something about that for me." The court also stated he had a charge book, and counsel advised that some of them came from the charge book. Counsel then stated that "perhaps we can take that up, certainly prior to the court charging the jury."

In *Allen v. State,* 152 Ga. App. 481, 482 (1) (263 SE2d 259), it is stated that without any requests therefor, either at the time of the admission of such evidence or in the general charge, it was not error for the court to fail to charge the jury that the purpose for which this evidence was allowed was merely to show a scheme or plan on the part of the accused to commit the crime for which he was being tried, citing *Haden v. State,* 176 Ga. 304, 310 (7b) (168 SE 272); *Cochran v. State,* 144 Ga. App. 820, 821 (2) (242 SE2d 735). Nevertheless, the evidence here was not necessarily introduced only for a limited purpose but to fully prove the circumstances of the fires charged in the indictment and involved the conspiracy by and between the accomplices and the defendant to establish the common design to act together for the

accomplishment of the unlawful purposes in this instance, which was a concert of action. Accordingly, the trial court did not err in failing to give the limited purpose instruction with reference to the additional instances of arson not charged in these indictments. See *Greene v. State,* 155 Ga. App. 222, 224-225 (2) (270 SE2d 386), citing *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). Whether or not this was ever considered and discussed again by the court and counsel as to the intentions of the court to give or not give this written request we find no reversible error here.

6. The trial court fully instructed the jury on the law concerning accomplices and credibility of witnesses. Counsel now insists that the court should have charged that such testimony of the accomplice be viewed with suspicion and caution, but no written request was made for such a charge. In *Ladson v. State,* 248 Ga. 470, 476-477 (9) (285 SE2d 508), the Supreme Court has called attention to the difference between the "plain error" rule of the federal courts (Federal Rules of Criminal Procedure) and our rules with reference to testimony by an accomplice in that all that the Georgia law requires is a charge on the weight and credibility to be given to the testimony of any witnesses and that a defendant may not be convicted on the uncorroborated testimony of an accomplice. We find no error here in the court's failure to instruct further that such testimony should be viewed with suspicion and caution. Under Georgia law the charge as given fully covered the subject matter.

7. The remaining enumeration we consider here is that the trial court erred in failing to charge regarding incriminating admissions. Again, in the written request to charge the defendant requested that the court instruct the jury that an incriminating admission is indirect or circumstantial evidence which must exclude every reasonable hypothesis save that of guilt of the accused, whereas a confession is direct evidence, citing *Kinard v. State,* 19 Ga. App. 624, 625 (91 SE 941). However, this charge was given by the court almost verbatim as requested, and we find no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 17, 1982.

*Richard W. Littlefield, Jr., Paul W. Calhoun, Jr., Howard C. Kaufold, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, Michael A. Lewanski, David T. Lock, Assistant District Attorneys,* for appellee.