### 63972. FORD et al. v. THE STATE.

POPE, Judge.
Willie Howard Ford, Jr. and Gregory Frank Kates were indicted on two counts of aggravated assault. They were convicted of pointing a pistol at another (a misdemeanor) on Count I and were convicted as charged on Count II. They bring this appeal enumerating as error the trial court's denial of their motions for directed verdict on each count.

The evidence showed that East Point police were alerted to a car matching the description of the one in which appellants were traveling. The car contained three black males; appellants were in the front seat and a third individual was in the back. Officer Smoak began pursuit of the car as it traveled through East Point, and it slowed down as if to stop. However, before the car came to a complete stop, it

sped away when another police car, with its blue lights and siren on, came into view. A high-speed chase ensued. Officer Smoak testified that during the chase an arm came out of the rear window on the driver's side of the subject car and pointed a pistol at him. He could not swear that the pistol was fired. Officer Smoak was the victim in Count I of the indictment.

Appellants' car eventually crashed into the side of a building in downtown Atlanta. Officer Thomas approached the car and was required to subdue appellant Ford, who was in the passenger side of the front seat, prior to placing him under arrest. During the struggle Ford attempted to reach under the front seat but was restrained. A .22 caliber pistol was later discovered under the seat; this pistol was fully loaded except for one spent cartridge. Also, during the course of this struggle appellant Kates, the driver of the subject car, reached over the back seat and pointed a .38 caliber pistol at Officer Rosemas. Kates realized almost immediately that Officer Rosemas had already drawn his weapon, whereupon Kates dropped the pistol into the back seat. Officer Rosemas was the victim in Count II of the indictment.

As to Count I appellants contend that the evidence clearly showed that the individual in the back seat of the subject car pointed the pistol at Officer Smoak. They argue that since they were merely present when this offense was committed, a directed verdict of acquittal should have been granted. As to Count II appellant Ford contends that the evidence showed that only Kates pointed a pistol at Officer Rosemas; therefore, he argues, he was merely present when this offense was committed, and he was entitled to directed verdict of acquittal. We disagree with both contentions.

The evidence in this case showed that during the high-speed chase one of the three men in the subject car pointed a pistol at Officer Smoak. There was evidence that Ford and the other individual in the car both had to be forcibly subdued prior to their arrests, and also that Ford reached for a pistol during the struggle. Also, Kates pointed a pistol at Officer Rosemas during the time when the other two occupants of the car were struggling with the police. This evidence was sufficient to show that appellants acted in concert between themselves and with the third individual in an effort to effect an unlawful escape from the police. "Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. [Cits.] Once that common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates, would, in legal contemplation, be the act of each of them." *Greene v. State,* 155 Ga.

App. 222, 224-5 (270 SE2d 386) (1980); *Harper v. State,* 152 Ga. App. 689 (3) (263 SE2d 547) (1979); see *Kimbrel v. State,* 160 Ga. App. 40 (285 SE2d 775) (1981). It follows that the trial court did not err in denying appellants' motions for directed verdict of acquittal. Accord, *Justice v. State,* 151 Ga. App. 563 (260 SE2d 558) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1982.

*J. Thomas Chason,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.