## 66152. HUDSON v. THE STATE.

McMURRAY, Presiding Judge.

This is the second appearance of this case in this court. In *Hudson v. State,* 157 Ga. App. 71 (276 SE2d 122), this court reviewed defendant's conviction of the offense of rape and affirmed the judgment of the trial court, finding no error in the various enumerations of error considered in that case.

Thereafter, the defendant filed an extraordinary motion for new trial founded upon three separate grounds as to newly discovered evidence since the trial and subsequent to the time fixed for filing the regular motion for new trial: (1) It has been determined that a member of the jury had engaged in an improper conversation with the prosecuting witness during the trial. Defendant alleges this improper communication occurred out of court and resulted in improper influence upon the jury because the content of said conversation was communicated to the jury during their deliberations thus affecting the outcome of the trial based upon *Golden v. State,* 63 Ga. App. 765 (12 SE2d 108); (2) The sanctity of the jury was violated, deterring the members thereof in the free exercise of their independence of thought, expression or action in reaching the verdict of guilty; (3) Defendant now being financially able to obtain certain expert opinion with reference to certain hair samples obtained from the scene of the crime, this evidence would exclude defendant as the culprit of the rape offense, being newly discovered and admissible under the statutes (OCGA §§ 24-9-65 and 24-9-67 (formerly Code §§ 38-1708 and 38-1710)) and as required by *Emmett v. State,* 232 Ga. 110, 117 (7) (205 SE2d 231). Defendant contends that this expert opinion and tangible evidence is so material that it would probably produce a different verdict from that rendered.

After consideration of the defendant's extraordinary motion for new trial the same was denied by the trial court, and the defendant appeals. *Held:*

1. The testimony in support of the alleged improper communication between a juror and the prosecuting witness was that of another juror who testified that on the return of the jury from dining she heard a juror relate to the other jurors that he had stopped the victim in the hall and asked her age. This occurred during the trial, but this juror did not remember which juror it was, identifying

him only as being "a little stout, short [and] an older man," that is, "one of the older ones on the jury." This is all the evidence we have for consideration as to the alleged misconduct of a juror. We are not convinced that there was a reasonable possibility that this alleged improper misconduct contributed to the conviction whereby a reversal would be required. See *Chadwick v. State,* 164 Ga. App. 102 (2) (296 SE2d 398), wherein a somewhat similar situation occurred. In that case, the case of *Watkins v. State,* 237 Ga. 678, 683-685 (229 SE2d 465) was discussed with reference to the application of the rule that jurors cannot impeach their own verdict. It was decided in *Chadwick v. State,* supra, that the verdict in that case "was not influenced by any extrajudicial information." In the case sub judice, we also determine that the contended juror misconduct was not so prejudicial to defendant as to constitute reversible error. See also *Johnson v. State,* 238 Ga. 59, 60-61 (230 SE2d 869) with reference to the so-called "highly probable test" as to whether the alleged error was harmless. See also *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482); *Been v. State,* 163 Ga. App. 581, 582 (4) (295 SE2d 541); *Ball v. State,* 155 Ga. App. 220, 221-222 (2) (270 SE2d 385). There is no merit in this complaint.

2. The standard for granting a new trial on the basis of newly discovered evidence is well established. See in this connection *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792). The failure to show any one of the requirements is sufficient to deny a motion for new trial. Here the trial court, in consideration of the alleged newly discovered evidence, found that the availability of such evidence was known to the defendant prior to the trial, and further, the expert witness' testimony was that even under ideal conditions, hair analysis results cannot be used to make positive identification of an individual, hence the limited tests performed with reference to the hair samples in this case are inconclusive and not of such character as would probably produce a different result on another trial. The court denied the motion based upon defendant's failure to show all six of the requirements in accordance with the holding in *Timberlake v. State,* 246 Ga. 488, supra. Further, the evidence would have been merely cumulative of the defendant's alibi defense and would serve only to impeach the prosecuting witness in trying to prove a case of mistaken identity. See *Blankenship v. State,* 162 Ga. App. 538, 539 (292 SE2d 123); *Jefferson v. State,* 157 Ga. App. 324 (1), 325 (277 SE2d 317). There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 17, 1983.

*Guerry R. Thornton, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, William A. Dowell, Assistant District Attorney,* for appellee.