## A00A1713. HINES v. THE STATE.
(541 SE2d 410)

BLACKBURN, Presiding Judge.

Following a jury trial, Corey Omar Hines appeals his conviction for armed robbery, contending that: (1) the trial court erred by allowing the State to refer to "book-in" photos; (2) the trial court erred by allowing a photographic lineup identification form to go out with the jury; (3) the trial court erred by allowing the prosecutor to make an improper Golden Rule argument during closing; and (4) trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

OCGA § 16-8-41 (a) provides: "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person . . . by use of an offensive weapon."

Viewed in the light most favorable to the verdict, the record shows that, on the evening of December 9, 1996, Sherife Wright went to the arcade at Malibu Grand Prix. While there, he became acquainted with Hines, Damien Cofer, Fareed Smith, and another person identified only as Brian. Wright followed Hines and the others to Hines' car. At that point, Wright was forced into the car at gunpoint by Cofer. After stopping for gas, Hines drove the car to a deserted area, and Cofer, who was in the backseat with Wright, took $10, a pair of ski goggles, a wristwatch, and a jacket from Wright. Wright testified that Hines told him that he would "meet the grim reaper" if he failed to cooperate. Wright also stated that, before he was left on the side of the road to walk home, Hines slapped him in the face.

Thereafter, Hines was charged with armed robbery and kidnapping with bodily injury. During trial, Hines did not deny his presence during the robbery. He admitted that he met Wright on the night in question and that he was driving the car when the robbery took place. Hines did contend, however, that he was not a participant in the robbery and had no idea that it was going to occur. The jury convicted Hines of armed robbery but found him not guilty of kidnapping with bodily injury.

Although Hines does not directly question the sufficiency of the evidence on appeal, we find that the jury's verdict was proper under

the standard set out by *Jackson v. Virginia*.[1] And the fact that Hines may not have directly participated in the crime does not change this result.

> [D]irect participation in a particular crime is not required for a conviction when a person is a party to a crime. OCGA § 16-2-21. By intentionally aiding, abetting, advising, or encouraging another to commit a crime, one is a party to that crime. *Raines v. State*, 186 Ga. App. 239, 240-241 (2) (366 SE2d 841) (1988). Further, after persons have associated themselves together to do an unlawful act, any act done in furtherance of that association by any one of them is considered the act of each of them. *Ford v. State*, 163 Ga. App. 745, 746 (296 SE2d 85) (1982).

*Nanthabouthdy v. State*.[2]

1. Hines contends that his conviction must be reversed because a witness for the State referred to book-in shots taken of him, thereby bringing his character into evidence. We disagree.

During direct examination, Detective Heiberger was asked how he had confirmed that Hines was involved in the robbery. Heiberger replied that he "telephoned DeKalb County Police Department and had them conduct a records check and obtained a book-in photo." Heiberger then used this book-in photo to create a photographic lineup. Hines, however, made no objection to the use of the term "book-in photo." Therefore, he waived his right to argue this error on appeal. *Young v. State*.[3] Moreover, even if the argument had been preserved, there would be no error. In *Gravitt v. State*,[4] a police officer testified that a picture of the defendant shown to the victim " 'was a mug shot from the files of the DeKalb County Police Department.' " The Supreme Court held that "such evidence, without more, contains nothing to indicate that the defendant was guilty of previous crimes [and] did not put the appellant's character [in] issue." Id. Likewise, Detective Heiberger's statement did not put Hines' character in issue here.

2. Hines next contends that the trial court erred by allowing a photographic lineup identification form to go out with the jury as a continuing witness. Specifically, Hines argues that the form, unlike others which are generally admissible to explain the makeup of the

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Nanthabouthdy v. State*, 245 Ga. App. 456, 459 (3) (538 SE2d 101) (2000).
[3] *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).
[4] *Gravitt v. State*, 239 Ga. 709, 712 (5) (239 SE2d 149) (1977).

lineup, see *Brewton v. State*,[5] improperly included a sworn statement from Wright identifying Hines as a participant in the robbery.

Again, Hines made no objection with regard to this matter, and, therefore, he cannot argue this point for the first time on appeal. *Young*, supra. Moreover, even if Hines' argument was preserved, we find no reversible error. Hines' identification was not an issue in this case. Hines admitted that he was driving the car during the robbery of Wright. This enumeration, therefore, lacks merit.

3. Hines argues that the trial court improperly allowed the prosecutor to make a "Golden Rule" argument to the jury. We disagree.

> In a classic "golden rule" argument, jurors are invited to place themselves in the victim's place in regard to the crime itself. [Cit.] However, any argument, regardless of nomenclature, which importunes the jury to place itself in the position of the victim for any purpose must be carefully scrutinized to ensure that no infringement of the accused's fair trial rights has occurred.

*Horne v. State*.[6] On the other hand, a prosecutor generally may appeal to the jury to convict for the safety of the community. *Davis v. State*;[7] *Philmore v. State*.[8]

In this case, the prosecutor argued:

> Please, again, do not re-victimize Mr. Wright. . . . For the sake of Mr. Wright, for the sake of everyone else in this county and everyone else that will come through this county, help keep them safe. . . . Please find Mr. Hines guilty of armed robbery and kidnapping with bodily injury so we can help and you can help keep everyone safe.

This argument does not entreat the jury to place themselves in the victim's shoes with regard to the crime committed. Rather, it appeals to their desire to create a safe community. While the better practice would be to not refer to the victim in making the subject argument, we cannot say the trial court erred in allowing this comment.

4. Finally, Hines argues that he received ineffective assistance of counsel. Specifically, Hines contends that his trial counsel failed to adequately prepare for trial, thereby precipitating the numerous errors discussed above because he was not familiar with either the

---

[5] *Brewton v. State*, 174 Ga. App. 109 (2) (329 SE2d 270) (1985).
[6] *Horne v. State*, 192 Ga. App. 528, 529 (2) (385 SE2d 704) (1989).
[7] *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996).
[8] *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).

facts of the case or the applicable laws. As we have already found that the previously enumerated errors lack merit, we will focus on Hines' claim of inadequate preparation here.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency. We need not address both prongs of this test if the showing on one prong is insufficient.

(Citation and punctuation omitted.) *Brown v. State.*[9]

After reviewing the record in this case, we find that Hines' attorney was adequately prepared for trial. Hines' attorney met with him prior to trial, developed the case, and argued vehemently on his behalf during trial proceedings. In fact, Hines' attorney successfully had him acquitted of the kidnapping with bodily injury charge, and, prior to reaching their guilty verdict as to robbery, the jury had to be given an *Allen* charge with regard to their deliberations. The record in this case reveals no harm to Hines from the actions of his attorney, and Hines presents no compelling evidence on appeal that any such harm occurred.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 26, 2000 —
RECONSIDERATION DENIED NOVEMBER 17, 2000 — 

*Stephen T. Maples, Bernard Knight,* for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney,* for appellee.

---

[9] *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997).