## A03A0654. SULLIVAN v. THE STATE.
(578 SE2d 277)

JOHNSON, Presiding Judge.

Rommie Sullivan was convicted of selling cocaine. He appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm his conviction.

1. On appeal from a criminal conviction, the reviewing court construes the evidence in the light most favorable to the verdict and no longer presumes that the appellant is innocent.[1] The appellate court does not weigh evidence, judge witness credibility, or resolve testimonial conflicts.[2] Instead, the court determines only if a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.[3]

In the instant case, law enforcement officers testified that they conducted an undercover drug-buying operation, and that Sullivan sold cocaine to an undercover officer. The transaction was videotaped, and that videotape depicting the officer buying cocaine from a man identified as Sullivan was played for the jury. The state also introduced Sullivan's prior drug convictions as similar transaction evidence. And Sullivan admitted during his own trial testimony that he had sold cocaine, acknowledging that he was in fact the person caught on the videotape selling to the undercover officer. But, he claimed, he was working with the police and had made the sale as part of an attempt to catch another drug dealer.

The jurors were not bound to accept Sullivan's claim that he worked for the police.[4] Instead, given the state's evidence, as well as Sullivan's own admission that he sold cocaine, there was ample evidence from which the jury could have rejected Sullivan's defense and found beyond a reasonable doubt that he was guilty of selling cocaine to the undercover agent.[5]

2. Sullivan complains that his attorney was ineffective because he did nothing to prepare for trial. The complaint is not supported by the record. The record reveals that before trial the attorney had access to the state's file and fully reviewed it, he and Sullivan viewed the state's videotape of the drug transaction together, he discussed the defense theory with Sullivan, he investigated Sullivan's claim of working for the police, he discussed plea offers and possible sentences with Sullivan, he advised Sullivan of his various rights, he

---

[1] *Mann v. State*, 244 Ga. App. 756, 757 (1) (536 SE2d 608) (2000).
[2] Id.
[3] Id.
[4] *Jackson v. State*, 239 Ga. App. 77, 80 (1) (519 SE2d 746) (1999).
[5] See *King v. State*, 224 Ga. App. 400 (1) (480 SE2d 385) (1997).

issued subpoenas for two witnesses identified by Sullivan, and he challenged the state's request to admit similar transaction evidence. Moreover, during trial the attorney selected a jury, cross-examined state witnesses, raised various objections to the state's case, presented Sullivan's defense testimony, and argued his case to the jury.

Under these circumstances, Sullivan has not shown that his counsel did not adequately prepare for trial.[6] Because Sullivan has failed to meet his burden of showing both that his counsel's performance was deficient and that such deficiency prejudiced his defense, we find that the trial court did not err in denying Sullivan's claim of ineffective assistance of counsel.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 14, 2003.

*William A. Fears*, for appellant.
*Richard G. Milam, District Attorney, Paul E. Hemmann, Assistant District Attorney*, for appellee.

---

[6] See *Hines v. State*, 246 Ga. App. 835, 837-838 (4) (541 SE2d 410) (2000).
[7] Id.